Opinion.

## Wytheville

W. F. CRAWFORD v. VIRGINIA IRON, COAL AND COKE
COMPANY.

June 21, 1923.

Absent, Kelly, P.

1. MASTER AND SERVANT—*Workmen's Compensation Act—Incapacity Followed by Loss of Member.*—When total or partial incapacity to work continues for more than ten days after injury, and is followed by loss of any member mentioned in section 32 of the act, the Virginia Industrial Compensation act, in sections 30 and 31, as qualified by sections 26 and 29, provides for the compensation therein specified for total or partial disability to be paid up to the time of the loss of such member, at which time the right to such compensation ceases, and in section 32, provides for the compensation therein specified for "such injury," that is, for the loss of such member "in lieu of all other compensation."

2. MASTER AND SERVANT—*Workmen's Compensation Act—Incapacity Followed by Loss of Member—"In Lieu of All Other Compensation."*—The provision of section 32 of the Virginia industrial compensation act that the compensation therein provided shall be "in lieu of all other compensation" merely puts an end to the right to any other compensation than that provided for in section 32, for the loss of any member mentioned therein, and thereafter changes the basis of the compensation from that of indemnity for disability to work, upon which theory the previous compensation aforesaid is based, to that of indemnity for loss of the member or physical impairment as such.

Case certified by the Industrial Commission of Virginia.

PER CURIAM:

This case is before us upon the following certificate:
"Pursuant to the provisions of section 61 of the workmen's compensation act, the Industrial Commission of Virginia begs leave to certify to this honor-

able court a certain question of law arising in the above styled cause, now pending before the Commission, for the determination and decision of this court.

"The claimant, W. F. Crawford, on March 16, 1923, suffered an accident arising out of and in the course of his employment by the Virginia Iron, Coal and Coke Company. His right middle finger was mashed.

"By order entered April 3, 1923, the Commission approved the memorandum of agreement as to payment of compensation, which had been entered into between the employer and employee, reciting temporary total disability as a result of said accident, and directing that compensation at the rate of $12.00 per week be paid during such total disability, under the provisions of section 30 of the workmen's compensation act.

"On May 1, 1923, because of the condition of the bond of the injured finger, it became necessary to amputate the distal end of it. Upon notification of the amputation the commission informed the employer that it was liable for Compensation to May 1, 1923, covering temporary total disability under section 30 of the act; and that such payment should cease on that date, and payment under section 32, clause (f), should begin, claimant being entitled to fifteen weeks' additional compensation for the specific loss of the portion of the finger provided for in the last named section. The employer was cited to the case of *Mitchell* v. *Jefferson Realty Corporation,* 3 Opinions Industrial Commission, p. 618, where the Commission had ruled to this effect. This decision contains the statement that the Circuit Court of Wise county has ruled with this Commission on this point. It must be added, however, that a diligent search through the records of the Commission has failed to reveal a report of this case from the Circuit Court of Wise county.

"Thereupon the employer informed the Commission that in the case of *Gilman* v. *Virginia Iron, Coal and Coke Company,* 4 Opinions Industrial Commission, page 169, the Corporation Court of Roanoke had reversed the Commission and had held that payments could only be made under one of the above named sections. This was the first knowledge which the Commission had of such action. (In the *Gilman Case,* the claimant was injured on March 27, 1919, and as a result his leg was amputated on December 15, 1919. The Commission held that he was entitled to temporary total disability, under section 30, from the date his disability became total until date of the amputation, whereupon this payment ceased and he became entitled to 175 weeks' compensation for the loss of the leg, under section 32, paragraph (p). The Corporation Court of Roanoke held that he was only entitled to a total of 175 weeks' compensation.)

"The question respectfully submitted to this honorable court is which of the above views is correct? In other words, is the claimant in this case entitled to temporary total disability, under section 30 of the act, up to the time of the operation, whereby he lost a part of his finger, and after this time to the compensation provided for such loss, or

"Is the claimant only entitled to compensation for the specific loss of a part of his finger, under section 32, paragraph (f)?"

Answering the question thus presented to us for decision, we hold that the claimant in this case is entitled to temporary total disability compensation, as provided in section 30 of the act, up to the time of the operation whereby he lost a part of his finger, and, after that time, to the compensation provided by section 32 and paragraph f thereof, for such loss.

This is the construction which has been given to the Michigan compensation act in *Addison* v. *Wood*, 207 Mich. 319, 174 N. W. 149, and to the Connecticut compensation act in *Franko* v. *Schollhorn Co.*, 93 Conn. 13, 104 Atl. 485, and *Wrenn* v. *Connecticut Brass Co.*, 96 Conn. 35, 112 Atl. 638. The provisions of the Connecticut act bearing on the questions under consideration are practically identical with those of the Virginia act. The Michigan court deals with the act of that State as if it were identical with the Virginia act. See *Mitchell* v. *Jefferson Realty Corp.*, 3 Opinions Virginia Industrial Commission, page 618, for more detailed reference to the cases cited and to the statutes involved.

[1, 2] When total or partial incapacity to work continues for more than ten days after injury, and that is followed by loss of any member mentioned in section 32 of the act, the Virginia industrial compensation act, as we think, in sections 30 and 31, as qualified by sections 26 and 29, provides for the compensation therein specified for total or partial disability to be paid up to the time of the loss of such member, at which time the right to such compensation ceases, and, in section 32, provides for the compensation therein specified for "such injury," that is, for the loss of such member "in lieu of all other compensation." The provision in the last named section, that the compensation therein provided shall be "in lieu of all other compensation" merely puts an end to the right to any other compensation than that provided for in section 32, for the loss of any member mentioned therein, and thereafter changes the basis of the compensation from that of indemnity for disability to work, upon which theory the previous compensation aforesaid is based, to that of indemnity for loss of the member or physical impairment as such.