# Richmond.

## GOBBLE v. CLINCH VALLEY LUMBER COMPANY, ET AL.

### March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. WORKMEN'S COMPENSATION ACT—*Construction of Act—Liberal Construction.*—The workmen's compensation act (Acts 1918, chapter 400, page 637), although in derogation of the common law, is highly remedial, and should be liberally construed in favor of the workman.

2. WORKMEN'S COMPENSATION ACT—*Permanent Total Disability of a Member—Section 32 of the Act of 1918, page 637.*—That section 32 fixes the amounts to be paid for the permanent total disability of the members therein mentioned, and that the amounts recoverable by the workman can never exceed the sums mentioned in that section, is a misconception of the workmen's compensation act.

3. WORKMEN'S COMPENSATION ACT—*Total Incapacity—Partial Incapacity—Sections 30, 31 and 32 of Acts of 1918, page 637.*—Section 30 alone provides for *total incapacity*, whether it be temporary or permanent, and it fixes the maximum and minimum amounts to be paid therefor. Section 31 applies to *partial incapacity*, temporary or permanent, resulting from injury to every member of the body except those mentioned in section 32. As section 32 is an exception to section 31, only as to members of the body mentioned in section 32, and section 31 deals only with partial incapacity, section 32 must be held applicable to partial incapacity only. Sections 31 and 32 do not apply to the same state of facts.

4. WORKMEN'S COMPENSATION ACT—*Total Incapacity—Partial Incapacity.*—In cases of accident, usually the total incapacity comes first, that is, at the time of the accident, and the partial incapacity thereafter, but a fair construction of the act allows the workman compensation for both, subject to the qualification contained in section 30.

5. WORKMEN'S COMPENSATION ACT—*Temporary Disability—Permanent Disability—Allowance for Both Disabilities—Case at Bar.*—In the instant case a claimant under the workmen's compensation act having lost sixty per cent of the use of his foot was entitled under section 32 of the workmen's compensation act, Acts of 1918, chapter 400, page 637, to the sum of $900.00 as compensation, and the sole question at issue was whether the insurance carrier should be allowed to take credit

for payments made the claimant during his temporary total disability.

!*Held:* That the insurance carrier was not entitled to any such credit. The workman was entitled to the amount for total incapacity and in addition thereto to the amount paid him for permanent partial incapacity, and it was immaterial that the two sums aggregated more than the sum mentioned in section 32 for the loss of the use of a foot.

Appeal from an order of the Industrial Commission of Virginia.

*Reversed.*

The opinion states the case.

*Will H. Nickels,* for the plaintiff in error.

*S. L. Sinnott,* for the defendant in error.

Burks, J., delivered the opinion of the court.

This is an appeal from a decision of the Industrial Commission, rendered July 21, 1924.

The hearing commissioner, whose findings were fully approved by the Commission, found the following facts:

"H. S. Gobble, on August 4, 1922, jumped from a runaway log car and fractured the left leg just above the ankle. The fracture was a serious one, both bones being broken and considerable displacement accompanied the fracture. In October of 1922 an agreement was entered into to pay the injured $12.00 per week, beginning August 5, 1922, and continuing during his disability. Pursuant to this agreement the claimant was paid the sum of $828.00, covering a period of sixty-nine weeks, on account of the inability to work which followed the accident.

"This hearing was held to determine the amount of loss of use of the foot that the claimant has suffered and

the amount of compensation due on account of such loss of use."

He also found that the permanent partial loss of the foot amounted to sixty per cent. His conclusions of law thereupon were as follows:

"The claimant, having lost sixty per cent of the use of his foot, is entitled to compensation at the rate of $12.00 per week for a period of seventy-five weeks in accordance with the terms of sections 32(o) and 32 (s). This amounts to the sum of $900.00. There has been paid, however, $828.00, covering the period of sixty-nine weeks, pursuant to an agreement entered into in October, 1922, and approved on December 12, 1922. The foregoing sum for the permanent loss of use of the foot, therefore, is subject to a credit for the amount already paid, leaving due a balance of $72.00."

In the opinion of the Commission it is said: "The sole question involved upon review is whether the insurance carrier should be allowed to take credit for payments made the claimant during his temporary total disability period upon the amount awarded him for specific loss of use of his leg. The claimant contends that he should be allowed *both*."

After some discussion, the Commission answers the question propounded as follows: "Without further discussion, the opinion of the hearing Commissioner, which allowed credit for payment under temporary total disability, is adopted, and is affirmed in all respects."

[1] The workmen's compensation act (Acts 1918, chapter 400, page 637), although in derogation of the common law, is highly remedial, and should be liberally construed in favor of the workman. It is an effort on the part of the State to insure the workman to a limited extent against loss from accidents in his employment, to give him a speedy and expeditious remedy for his in-

jury, and to place upon industry the burden of losses incident to its conduct. The compensation is furnished in weekly instalments when most needed, promptly after the injury, and the immediate need of physicians and hospital service and supplies are furnished at the expense of the employer. Acts of this character have proved so beneficial that they have been adopted in nearly every State of the Union.

*Crawford* v. *Virginia I. C. & C. Co.*, 136 Va. 266, 118 S. E. 229, does not contain any detailed interpretation of the act, but the principle therein applied and in the cases therein cited is controlling in the instant case.

The proper interpretation of the act is not free from difficulty. The sections involved in the instant case are 30, 31 and 32, copied in the margin.*

---

*Section 30. Where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity a weekly compensation equal to fifty per centum of his average weekly wages, but not more than twelve dollars, nor less than five dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed four thousand five hundred dollars.

Section 31. Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee during such incapacity a weekly compensation equal to fifty per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity.

Section 32. In cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, and shall be in lieu of all other compensation, to-wit:

(a) For the loss of a thumb, fifty per centum of the average weekly wages during sixty weeks.

(b) For the loss of a first finger, commonly called the index finger, fifty per centum of the average weekly wages during thirty-five weeks.

(c) For the loss of a second finger, fifty per centum of average weekly wages during thirty weeks.

(d) For the loss of a third finger, fifty per centum of average weekly wages during twenty weeks.

[2] One of the misconceptions about the act is that section 32 fixes the amounts to be paid for the permanent total disability of the members therein mentioned, and that the amounts recoverable by the workman can never exceed the sums mentioned in that section.

[3] Section 30 alone provides for *total incapacity*, whether it be temporary or permanent, and it fixes the maximum and minimum amounts to be paid therefor.. If the weekly wage is between $24.00 and $10.00, one-

---

(e) For the loss of a fourth finger, commonly called the little finger, fifty per centum of average weekly wages during fifteen weeks.

(f) The loss of the first phalange of the thumb or any finger shall be considered to be equal to the loss of one-half of such thumb or finger, and the compensation shall be for one-half of the periods of time above specified.

(g) The loss of more than one phalange shall be considered the loss of the entire finger or thumb; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this. schedule for the loss of a hand.

(h) For the loss of a great toe, fifty per centum of the average weekly wages during thirty weeks.

(j) For the loss of one of the toes other than a great toe, fifty per centum of average weekly wages during ten weeks.

(k) The loss of the first phalange of any toe shall be considered to be equal to the loss of one-half of such toe, and the compensation shall be for one-half of the periods of time above specified.

(l) The loss of more than one phalange shall be considered as the loss. of the entire toe.

(m) For the loss of a hand, fifty per centum of the average weekly wages during one hundred and fifty weeks.

(n) For the loss of an arm, fifty per centum of average weekly wages during two hundred weeks.

(o) For the loss of a foot, fifty per centum of average weekly wages during one hundred and twenty-five weeks.

(p) For the loss of a leg, fifty per centum of average weekly wages during one hundred and seventy-five weeks.

(q) For the permanent total loss of the vision of an eye, fifty per centum of the average weekly wages during one hundred weeks; and for the permanent partial loss of the vision of an eye, the percentage of one hundred weeks equivalent to the percentage of the vision so permanently lost.

(r) The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, shall constitute total and permanent incapacity, to be compensated according to the provisions of section thirty.

The weekly compensation payments referred to in this section shall all be subject to the same limitations as to maximums and minimums as set out in section thirty.

(s) In construing the foregoing section the permanent loss of the use of a member shall be held equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member compensation may be proportionately awarded.

Acts 1920, page 258.

half of the weekly wage is the measure per week.* If less than $10.00, the measure per week is $5.00; if more than $24.00, the measure is $12.00 per week; but in no case shall the period of compensation exceed 500 weeks, nor the total compensation exceed $4,500.00. This section applies to any and every member of the body resulting in total incapacity.

Section 31 applies to *partial incapacity*, temporary or permanent, resulting from injury to every member of the body except those mentioned in section 32. As section 32 is an exception to section 31 only as to members of the body mentioned in section 32, and section 31 deals only with partial incapacity, section 32 must be held applicable to partial incapacity only. Sections 31 and 32 do not apply to the same state of facts.

[4, 5] In cases of accident, usually the total incapacity comes first, that is at the time of the accident, and the partial incapacity thereafter, but a fair construction of the act allows the workman compensation for both, subject to the qualification contained in section 30. The period fixed by section 32 (c) for the loss of a foot is one hundred and twenty-five weeks. If this partial incapacity be ascertained to be sixty per cent, it would be sixty per cent of $12.00 per week, or $7.20 per week for 125 weeks, or sixty per cent of 125 weeks, or seventy-five weeks at $12.00 per week. So that, upon this basis, the workman is entitled to $900.00 in addition to what he has already received. The credit allowed by the Commission in effect allowed nothing for the total incapacity. In this there was error. He should have been allowed the amount paid him for total incapacity, and in addition thereto the amount stated above for permanent partial incapacity. It is immaterial that

---

*The act of 1920 was in force when the accident occurred. It has been since amended. Acts 1924, chapter 318, page 478.

the two sums aggregate more than the sum mentioned in section 32 for loss of the use of a foot, as the latter only fixed the maximum amount to be allowed for permanent partial disability.

The Georgia statute (Laws Ga. 1920, page 167) is almost identical with ours, and the sections of the .Georgia statute under consideration by its court have the same numbers as the sections of our statute under consideration in the instant case. The conclusion we have reached is the same as that reached by the Court of Appeals of Georgia in *Jones* v. *Georgia Casualty Co.*, 30 Ga. App. 207, 117 S. E. 467. In that case it was said:

"Taking the language as it stands, section 32 might seem to afford the sole and exclusive remedy, and provide the sole and exclusive compensation, for all disabilities, both total and partial, caused by injuries to the particular members therein dealt with. The order passed by the superior court judge indicates that he does not so interpret it, but in his opinion the employee or the Commission is privileged to disregard the provisions of section 32, even when the disability is occasioned by permanent injury to one of the bodily members embraced in the schedule in that section, and to proceed for total disability under section 30 and for additional partial disability under section 31. The statute certainly cannot mean that an employee is limited to the rights given him under section 32 for all compensation occasioned by an injury to the members therein enumerated. To illustrate such an interpretation of the rule: If a person were to suffer an injury to his thumb, and the wound, through infection or other cause, rendered him totally and continuously disabled for a period of fifty, 100, or even 350 weeks, but upon final recovery he should retain two-thirds of the use of

his thumb, he could only be entitled to fifty per cent of his weekly wages for ten weeks. The section manifestly had no such intent. It deals exclusively with partial disabilities; not only so, but its scope is limited to partial disabilities resulting from injuries of a certain, definite, and particularly described character, to-wit, injuries to particular members or organs of the body. Section 30 provides for temporary and permanent total disability. Section 31 provides for temporary or permanent partial disability on account of any and all injuries to the person 'except as otherwise provided' in section 32. By its express terms section 31 omits to provide for partial disabilities occasioned by permanent injuries to the particular members scheduled by the succeeding section. Finally, section 32 provides for permanent partial disability on account of the particular injuries expressly excepted from the operation of the preceding section. Section 32 is the only section which provides, and it provides exclusively, for partial disabilities occasioned by permanent injuries of the particular character therein set forth; neither this section nor the preceding section in any wise purports to deal with the subject of total disabilities. These are dealt with by section 30, exclusively. It thus appears that, construing the three sections together, upon an injury being received entailing total disability, the employee is entitled to receive compensation therefor under the provisions of section 30; that where such total disability is succeeded by partial disability, he is entitled to recover additional compensation therefor, either under section 31 or section 32—under section 31 on account of all injuries except of the particular kind and character scheduled in section 32, but exclusively under section 32 if the partial disability is permanent and is occasioned by an injury of the character therein described.

"If such additional compensation for permanent partial disability is recovered under section 32 for the 'loss' or 'partial loss' of a member therein designated, no additional compensation can be had for partial disability under section 31, but the remedy prescribed therefor by section 32 is exclusive."

For the reasons stated, the decision of the Industrial Commission will be reversed, and the case remanded to that tribunal with directions to conform its judgment to the foregoing opinion of this court.    The appellant will be given a judgment for his costs in this court.

*Reversed.*