# Richmond

## John McCarrell v. Harrisonburg Mutual Telephone Company, Employer, and Glens Falls Indemnity Company, Insurer.

January 11, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Chinn, JJ.

Reheard, Staunton, September 20, 1934.

Present, Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Conrad & Conrad,* for the appellant.

*F. E. Topping* and *Wiltshire & Rives,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review an award made by the Industrial Commission.

The finding of facts as stated by the Commission is as follows: "It was mutually agreed between the parties in interest that the claimant in the instant case lost by reason of the accident sustained on May 11, 1932, fifty per cent of the use of each foot."

The Commission allowed compensation for total incapacity from the date of the injury to September 15, 1932, and for permanent partial incapacity for one hundred and twenty-five weeks thereafter. Claimant contends that he should have been allowed compensation for permanent partial incapacity for two hundred and fifty weeks.

The only question involved is how, under the statute, compensation should be computed.

The act divides injuries into two general classes. (1) Total incapacity, for which the maximum compensation is

fourteen dollars per week for five hundred weeks (section 30, ch. 400, Acts 1918, as amended by Acts 1930, ch. 54). (2) Partial incapacity, for which compensation is fixed in sections 31 and 32, ch. 400, Acts 1918, as amended by Acts 1930, ch. 54.

Section 31 provides that "except as otherwise provided in the next section hereafter * * *" the compensation for partial incapacity shall be based on the difference between the average weekly wage before the injury and the average weekly wage the injured employee is able to earn thereafter, but in no event to exceed fourteen dollars per week for a period greater than three hundred weeks from the date of the injury.

Section 32 provides for weekly payments within the maximum and minimum prescribed, but fixes an arbitrary period of payment for the loss, or loss of use, of any member of the body specifically enumerated. This section was construed in *Crawford* v. *Virginia Iron, Coal and Coke Company,* 136 Va. 266, 118 S. E. 229, 230, where it was said:

"The provision in the last-named section, that the compensation therein provided shall be 'in lieu of all other compensation' merely puts an end to the right to any other compensation than that provided for in section 32, for the loss of any member mentioned therein, and thereafter changes the basis of the compensation from that of indemnity for disability to work, upon which theory the previous compensation aforesaid is based, to that of indemnity for loss of the member or physical impairment as such."

Again, in *Gobble* v. *Clinch Val. Lbr. Co.,* 141 Va. 303, 308, 127 S. E. 175, 177, this was said:

"Section 31 applies to *partial incapacity,* temporary or permanent, resulting from injury to every member of the body except those mentioned in section 32. As section 32 is an exception to section 31 only as to members of the body mentioned in section 32, and section 31 deals only with partial incapacity, section 32 must be held applicable to partial incapacity only."

The specific paragraphs of section 32 involved are:

"(o) For the loss of a foot, fifty-five per centum of average weekly wages during one hundred and twenty-five weeks.

\* \* \* \* \* \* \* \*

"(s) The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, in the same accident shall constitute total and permanent incapacity, to be compensated according to the provisions of section thirty.

\* \* \* \* \* \* \* \*

"(u) In construing the foregoing section the permanent loss of the use of a member shall be held equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member compensation may be proportionately awarded."

Claimant contends that paragraph (o) does not apply to the facts in this case or to any accidental injury resulting in the incapacity of two feet, or of any two members named in paragraph (s) ; that while (s) expressly provides for the complete loss of two members, the other paragraphs of the section, (a) to (l), likewise contemplate a total loss of a member; and that paragraph (u) prescribes the method of computation for permanent partial incapacity, and must be read in connection with (s) as well as with the other paragraphs of the section.

The Commission in its opinion held that, "A careful reading of the act discloses that section 32 (s) applies to the 'loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, in the same accident,' in the sense that there is a total loss of function of the members mentioned."

██ Claimant urges a literal construction of the paragraphs involved. If we were so to construe them, we fail to see how he would be benefited. Prior to the 1930 amendment adding the provisions of (u) to section 32, this section did not include in the schedule of specific awards allowance for permanent partial loss of a finger, a toe, an arm, a foot, or a leg, hence compensation therefor by the express terms

of the act was based on the difference in earning capacity before and after the injury, as provided in section 31. By the 1930 amendment, paragraph (u), the specific schedule of awards was extended in two particulars: (1) Permanent loss of the use of a member was made equivalent to the complete loss of such member. This provision applies to each paragraph of the section, with the possible exception of paragraph (t) which deals with disfigurements of the head and face. (2) Proportionate compensation was authorized for permanent partial loss, or loss of use, of a member. In each particular in this paragraph "member" is used to denote one and not two parts of the body. All that paragraph (u) does is to provide that loss of use of a single member is equivalent to the loss of the member, and that the permanent partial loss, or loss of use, of a member may be proportionately compensated. A literal construction leads to the conclusion that paragraph (u) does not so enlarge the meaning of paragraph (s) as to include a permanent partial loss, or loss of use, of two members.

The Commission found that the permanent partial loss of use of each foot was fifty per cent, and computed compensation for a period of one hundred and twenty-five weeks upon the basis of the scheduled injury to each foot, the equivalent of the total loss of use of one foot.

Claimant, with some force, contends that this method of computation may result in some inequality, on the ground that a person who has sustained an injury of fifty per cent loss of the use of both feet is more seriously incapacitated than one who has sustained the total loss of one foot.

This argument might be persuasive if addressed to the legislature, but for us to construe the sections involved as claimant contends would require us to add to the sections words which the legislature has not seen fit to incorporate therein. The sections, as written, have been in force some thirteen years and the Commission in its opinion states that the construction placed thereon has been consistently followed, nor has the legislature seen fit to make any change in the statute during those years.

While we have not referred to the authorities cited in the briefs, we have carefully read each case and agree with the criticism each party makes of the authorities cited by the other—*i. e.*, that none of them are directly in point, because the language of the pertinent Virginia statutes is different from the language used in the acts construed in the cases cited.

For the reasons stated, we find no error in the award made by the Commission and it is affirmed.

*Affirmed.*

### Upon Rehearing.

STAUNTON, SEPTEMBER 20, 1934.

PER CURIAM.

An opinion was handed down in this case on January 11, 1934 (172 S. E. 241), and an order then entered, affirming the award of the Industrial Commission of Virginia in favor of the appellees. Thereafter, upon the petition of the appellant, a rehearing was granted, and the case in due course reargued.

Upon mature consideration of the case upon the reargument, the court is of opinion to adhere to its original decision and affirm the award of the Commission.

*Affirmed.*