THOMAS CULLIGAN Defendant in Error, *vs.* JACOB WINGERTER, Plaintiff in Error.

57 241
78a 187

1. *Statute of frauds—Parol contract for rescission of sale of lands.*—A parol contract for the purchase of lands is within the express provisions of the statute of frauds ; and where there are no facts connected with the purchase which create any resulting trust or equitable right of redemption, a proceeding in equity will not lie for its rescission.

### Error to Buchanan Circuit Court.

*Bennett Pike,* for Plaintiff in Error.

*B. R. Vineyard,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity to bar or foreclose an alleged right of redemption in a tract of land, which had been bought by the plaintiff at an execution sale against the defendant.

The petition alleges, that the defendant's land was being sold under execution when he requested the plaintiff to purchase it, and agreed with him, if he would purchase it, that he would redeem it or re-purchase it in a few days thereafter, by paying back to him the amount of the purchase money, with ten per centum per annum interest from the time of such purchase till the redemption was made.

The petition further alleges that the plaintiff, with this understanding, became the purchaser of the land at the price of twenty-nine hundred and twenty-five dollars, and took the sheriff's deed for the same ; that afterwards, and within a month after he received the sheriff's deed, he offered to convey all his right so acquired, to the defendant, if he would pay to him the amount of the purchase money and ten per cent. interest thereon according to their agreement, and that he tendered to the defendant a deed therefor duly executed and acknowledged by him ; but the defendant refused to pay the money or accept the deed.

The petition prays, that unless the defendant shall, before judgment is rendered, pay to the plaintiff the amount of the

purchase money and interest, his right to redeem may be foreclosed and forfeited, and that all his equity in the land be vested in the plaintiff; and that the plaintiff be vested with the title in fee simple.

The only material issue made by the defendant's answer, was a denial that he made the alleged contract for the re-purchase or redemption of the land purchased by the plaintiff at the sheriff's sale.

On the trial the plaintiff offered to prove the contract by parol evidence consisting of his own testimony. The defendant objected to this parol proof. The court overruled the objection, and the defendant excepted.

The plaintiff testified that a parol contract for the redemption of the land was made, as stated in the petition. The defendant, on the other hand, testified that no such contract was made. The court gave judgment for the plaintiff according to the prayer of his petition and also for costs.

The defendant filed a motion for a new trial which was overruled and he excepted, and has brought the case here by writ of error.

A parol contract for the purchase of lands is within the express provisions of the statute of frauds; and no action can be maintained simply upon the contract itself, to enforce it, or for damages, or for a rescission.

This suit seems to be for a rescission of a parol contract for the purchase of lands. There were no circumstances or facts connected with the purchase of the lands at execution sale, which created any resulting trust or equitable right in the defendant to redeem the lands. Hence, there was no foundation to resort to a court of equity to enforce or extinguish any existing right. As the defendant had no right to the land upon which the decree could operate, it amounted to nothing except as to the costs of the suit. The decree was certainly erroneous; and as costs were adjudged against the defendant he is entitled to a reversal.

Let the judgment be reversed. Judge Sherwood absent; the other judges concur.