# THE STATE ex rel. GRAY, Judge, v. WILDER, State Auditor.

### In Banc, November 6, 1907.

1. **CIRCUIT JUDGES: Expenses: Circuits of One County.** The statutes do not provide for the payment of the expenses of a circuit judge, incident to the holding of court at some place in his circuit other than the place of his residence, where the circuit consists of one county only.

2. **————: ————: ————: Act of 1905: Repeal.** The Act of 1905, Laws 1905, p. 291, repealing sec. 9701, Revised Statutes 1899, which provided for the payment of the actual expenses of a circuit judge incident to the holding of court at any place in his circuit other than the place of his residence therein, and enacting a new section by which he is allowed one hundred dollars per month as and for all expenses incident to the holding of court at any such place, and providing that said "act shall not apply to circuits consisting of one county only," expressly repealed said section 9701; nor does the fact that the proviso says "this act shall not apply" instead of "this section shall not apply" leave said section 9701 still in force as to such circuits. The plain intent of the act was to repeal the law as it then existed applicable to the subject of paying the expenses of circuit judges, and to enact a new law applicable thereto, and not to provide a method by which judges in circuits consisting of one county should be paid their actual expenses as theretofore and judges in circuits consisting of more than one county should be paid one hundred dollars per month in lieu of all such expenses.

3. **STATUTES: Rules of Construction.** The true intent and meaning of the lawmaking authority, as expressed in the language employed, should, if possible, be ascertained and declared, and, in ascertaining that intent and meaning, words and phrases are to be taken in their plain or ordinary and usual meaning.

4. **————: ————: Wisdom and Results.** Courts construe statutes as written, without regard to results of the construction or the wisdom of the law as thus construed.

## Mandamus.

PEREMPTORY WRIT DENIED.

*Howard Gray* for relator.

(1)   It will be admitted that relator has the right
to have his necessary expenses paid while holding
court in Joplin, unless that right has been taken away
by the Act of March 10, 1905. And the act expressly
provides that it shall not apply to circuits consisting
of only one county. The proviso at the end of sec. 2 of
the act is not limited to that section, and does not read,
"This section shall not apply," but reads, "This act
shall not apply." And, therefore, the judges of the
circuits defined in the proviso are not affected by the
act.   The act is entitled "An Act to Repeal Section
9701 and to Enact a New Section—." The repealing
of the old section is one part of the act, and the enact-
ing of a new section is the other. And the provsion at
the end of the act is not limited to the enacting part of
the act but applies with equal force to the repealing
part.   (2)   The mere fact that section 1 of the Act of
1905 says that section 9701 is repealed does not neces-
sarily mean that the word "repealed" as used therein
is to be taken in its most sweeping and absolute sense.
The repealing clause must be construed in connection
with the whole act and with reference to the intention
of the Legislature enacting it.   The word is not to be
taken in an absolute, if it appears upon the whole act
to be used in a limited sense. State ex rel. v. Fiala, 47
Mo. 310; State ex rel. v. Mason, 153 Mo. 23; Smith v.
People, 47 N. Y. 330.   (3)   The general purpose and
object of a statute is never to be overlooked in its con-
struction and application.   Ross v. Railroad, 111 Mo.
19; Carson-Rand Co. v. Stern, 129 Mo. 381; Penbroke
v. Huston, 180 Mo. 627; Andrew County ex rel. v.
Schell, 135 Mo. 31.   The history and reason for its en-
actment may always be invoked.   State v. Balch, 178
Mo. 392.   The letter of the statute may be enlarged or
restrained according to the true intent of the framers
of the law.   Andrew County v. Schell, 135 Mo. 31; Ex

parte Marmaduke, 91 Mo. 254; Grimes v. Reynolds, 184 Mo. 679; State v. McLain, 49 Mo. App. 400; State v. Bengsch, 170 Mo. 81; Light Co. v. Scheurich, 174 Mo. 235. (4) The Act of 1905 was passed for the sole purpose of increasing the compensation of the judges and not because they were not getting all their expense money. And it was not expected that the one hundred dollars a month allowed for expenses would be used as such, as common experience tells us that the amount allowed was largely in excess of the actual expenses. This position is fortified by the fact that the act gives the judges of the criminal courts the one hundred dollars a month notwithstanding they hold no court except in their own counties. It cannot be said that the Legislature intended to take away the expense money in the 25th circuit because the judges were getting $3,200 a year. If this was the intention, the act would have provided that the whole $3,200 should be paid by the State and not require Jasper county to pay $1,200 of it to each judge. (5) The act as it was first introduced applied to all circuit and criminal courts. P. 327 H. J. An amendment was offered and adopted excluding the judges of the criminal courts. P. 553. Afterwards this amendment was reconsidered and the provision as to the criminal courts retained and the clause excepting circuits in cities of 300,000 inhabitants and circuits consisting of only one county adopted. P. 560. The whole history of the act shows very plainly that it was the intention of the Legislature to leave the judges in the circuits described in the proviso unaffected. And when this conclusion is reached, it is the plain duty of the court to so construe the act as to carry out this intention. State ex rel. v. Hostetter, 137 Mo. 636; State ex rel. v. Slover, 126 Mo. 652; Conner v. Railroad, 59 Mo. 285; St. Louis v. Lane, 110 Mo. 254; Kane v. Railroad, 112 Mo. 34; State v. King, 44 Mo. 283. And the fact

that a statute expressly refers to another and says that it is "hereby repealed" does not always mean that the repeal is general, but it may be limited or only an amendment to the prior act. State ex rel. v. Fiala, 47 Mo. 310; State ex rel. v. Mason, 153 Mo. 23; Smith v. People, 47 N. Y. 330; Copeland v. St. Joseph, 126 Mo. 417. (6) The same rules apply in construing a proviso in an act as in construing statutes generally. State ex rel. v. St. Louis, 174 Mo. 125; State v. Tower, 185 Mo. 96.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

(1) Respondent admits the correctness of relator's contention in reference to ascertaining the intention of the Legislature, in passing the Act of March 10, 1905. If the wording of said act, or the wording of any other act passed by the same Legislature, indicated an intention to continue the payment of the traveling expenses of circuit judges, then relator is entitled to the relief asked. But it is insisted that nowhere in the session Acts of 1905 can language, indicating such an intention, be found. (2) Section 9701, Revised Statutes 1899, provides that every judge of a circuit court or criminal court in this State shall be allowed and paid his travelling expenses while engaged in holding court in any place in his circuit, except the place of his residence. The Act of March 10, 1905 (Laws 1905, pp. 291 and 292) repealed section 9701; not a part of the section, but the whole section. And, in lieu thereof, a new section was enacted, which section provides for the traveling expenses of circuit judges, other than those in cities containing 300,000 inhabitants, and other than those consisting of circuits of only one county. It will, therefore, be seen that the General Assembly repealed the law allowing circuit judges their traveling expenses; and enacted a law which makes no provision for allowing expenses to relator and other circuit judges

similarly situated. That this was an error or an over-
sight on the part of the lawmakers may be conceded;
and that the same works a hardship on relator and
others may also be conceded. However, this court can-
not remedy such alleged error or oversight; but the
same should be called to the attention of another branch
of our state government.

FOX, J.—This is an original proceeding in this
court by which it is sought by the relator to obtain
from this court a peremptory writ of mandamus com-
pelling the respondent to audit certain items of ex-
penses incurred by the relator in holding court in the
city of Joplin, Jasper county, Missouri. We deem it
unnecessary to set out in detail the petition of the re-
lator. It will suffice to briefly state the facts upon
which this proceeding is predicated. Judge Gray, the
relator in this proceeding, is a resident of the city of
Carthage, Jasper county, Mo., and ever since the first
Monday in January, 1905, he has been and he is now
the judge of Division No. One of the circuit court of
Jasper county, and said county constitutes the 25th
Judicial Circuit. Both the cities of Carthage and Jop-
lin in Jasper county constitute the entire circuit. Un-
der an act of the General Assembly of the State of Mis-
souri three terms of court are held each year in the
city of Joplin. Judge Gray, relator herein, held the
October term, 1905, at Joplin, and on Nov. 15, 1905,
he filed with the respondent his itemized account of ex-
penses necessarily incurred in holding said term, as is
provided by section 9701, Revised Statutes 1899. The
respondent, who is the State Auditor of Missouri, re-
fused to allow the account for expenses filed by the re-
lator on the ground that the provisions of section 9701,
Revised Statutes 1899, were expressly repealed by the
act of the General Assembly, approved March 10, 1905,
and that there is no law now in force applicable to the

206 Sup—35

demand of the relator, authorizing the auditing or payment of such claims. There is no dispute as to the facts. That the relator is the regularly elected and qualified judge of Division No. One of the twenty-fifth judicial circuit is conceded. The fact that he held the October term of court in 1905 in the city of Joplin and incurred the expenses evidenced by the itemized account filed with respondent is not questioned. The respondent admits the allegations as contained in the petition and simply by demurrer presents the question that, conceding the facts stated in the petition and alternative writ to be true, plaintiff is not entitled to the relief asked.

This is a sufficient statement of the nature and character of this controversy to enable us to determine the legal propositions involved.

## OPINION.

As indicated in the foregoing statement the only legal proposition disclosed by the record in this cause is, does the act of March 10, 1905 (Laws 1905, pp. 291-292), repeal section 9701, Revised Statutes 1899? In other words, under the law as now in force is there any authority for the respondent to audit the itemized account as presented by the relator, predicated upon the provisions of section 9701, Revised Statutes 1899?

Section 9701, Revised Statutes, 1899, provides: "Every judge of a circuit court or of a criminal court in this State shall be allowed and paid all sums of money actually expended by him in necessary expenses while engaged in holding any regular, special or adjourned term of court at any place in his circuit other than the place of his residence therein, or while engaged in going to and from any such place for the purpose of holding such terms of court, and such sums of money for said expenses shall be paid out of the state treasury in the same manner that the salaries of circuit

judges are now paid by law; but no money shall be paid from the treasury under the provisions of this section until such judge shall file an itemized account with the state auditor, showing all such actual expenses incurred by him.''

The expenses of circuit judges were paid in accordance with the provisions of the above-quoted section until the enactment of section 9701 by the General Assembly, approved March 10, 1905. That act provided: ''Section 1. That section 9701 of the Revised Statutes of Missouri of 1899, as the same appears in chapter 152, page 2251, volume 2 of the Revised Statutes of the State of Missouri of 1899, relating to expenses of judges of circuit courts and criminal courts, be and the same is hereby repealed and the following section enacted in lieu thereof relating to the same subject to be known as section 9701, as follows, to-wit:

''Section 9701. Every judge of a circuit court or of a criminal court in this State shall be allowed and paid the sum of one hundred dollars per month as and for his expenses incident to the holding of all regular, special or adjourned terms of court at any place in his circuit other than the place of his residence therein, and such sum of money for said expenses shall be paid out of the State treasury monthly in the same manner that the salaries of circuit judges are now paid by law: Provided, that this act shall not apply to circuits in cities of this State containing over 300,000 inhabitants nor to circuits consisting of one county only.''

It is manifest that the lawmaking power, by the act last above cited, intended to change the manner and method of paying the expenses of the circuit judges, and there is no escape from the conclusion that the act of 1905 in express terms repeals the entire section of 9701, Revised Statutes 1899, and in lieu of that section provides entirely a different method of paying the expenses of the circuit judges of this State.

It is insisted by relator that the proviso at the end of section 2 of the act of 1905 is not limited to that section and does not read "this section shall not apply," but reads "this act shall not apply," and therefore it is urged that the judges of the circuit courts defined in the proviso are not affected by the act. We are unable to give our assent to this insistence of the learned relator. The General Assembly by the provisions of the act of 1905 simply intended to repeal the law as it then existed applicable to the subject of paying expenses of circuit judges, and enact a new law applicable to that subject. The only authority prior to the enactment of section 2 of the act of 1905 which authorized the payment of expenses of circuit judges was section 9701, Revised Statutes 1899, and by the act of 1905 that section was absolutely repealed and a new section known by the same number, 9701, was enacted as applicable to the subject, and that is the only law in existence which authorizes the payment of expenses of circuit judges, and it provides how the circuit judges shall be paid and then also provides that "this act shall not apply to circuits in cities of this State containing over 300,000 inhabitants nor to circuits consisting of one county only." It is certainly clear that the proviso did not exempt from the operation of this act any part of the provision of the old law applicable to the payment of expenses of circuit judges, and if it be insisted that the proviso did intend that the repealing clause in section 9701 should not apply to circuits in cities in this State containing over 300,000 inhabitants nor to circuits consisting of one county only, then we would have as applicable to those circuits an entirely different method of paying the expenses of circuit judges than the one provided by the new section 9701, and such was clearly not the purpose or intention of the lawmaking power.

Section 1 of the act of 1905 is the mere formal

provision for repealing the old section. Then follows the enactment in lieu thereof relating to the same subject, section 9701, and it is too plain for discussion that the General Assembly, when they provided that "this act shall not apply," etc., had sole reference to the substance of the real enactment which treated of the subject under consideration.

We have given careful consideration to the numerous authorities cited by relator and we have no fault to find with the announcement of the rules in those cases; however, we are of the opinion that they do not support the insistence of the relator in the case at bar. It is fundamental and one of the cardinal rules in the construction of statutes that the true intent and meaning of the lawmaking authority, as expressed in the language employed, should, if possible, be ascertained and declared. On the other hand, it is equally well settled that words and phrases shall be taken in their plain or ordinary and usual sense, and that it is incumbent upon the courts to construe a statute as written, without regard to the results of the construction, or the wisdom of the law as thus constructed. There is no ambiguity in the terms used in section 9701, and they are susceptible of but one construction and that is, that by the proviso it was not intended to embrace circuits in cities of this State containing over 300,000 inhabitants or circuits consisting of one county only; therefore those circuits were left without the pale of the provisions which authorize the payment of expenses of the judges of those circuits, and there is no law in existence now which would authorize the payment of such expenses.

We have thus indicated our views upon the legal propositions disclosed by this record, which results in the conclusion that the peremptory writ of mandamus must be denied, and it is so ordered. All concur.