MRS. WILLIAM G. (EMMA ROSE) SLEYSTER, RESPONDENT, v. EUGENE DONZELOT & SON AND UNION INDEMNITY COMPANY, A CORPORATION, APPELLANTS.*—25 S. W. (2d) 147.

St. Louis Court of Appeals. Opinion filed March 11, 1930.

*Corpus Juris-Cyc References: Statutes, 36Cyc, p. 1115, n. 2; p. 1128, n. 58.

*Leahy, Saunders & Walther* for appellants.

*Sears Lehmann* for respondent.

HAID, P. J.—This is an appeal from a judgment approving and confirming an award of the Workmen's Compensation Commission. The appeal was granted to the Supreme Court but that court finding that jurisdiction of the appeal was in this court (20 S. W. (2d) 69) transferred the cause here. The facts, which are not in dispute, are well stated in the brief of appellant, as follows:

William G. Sleyster, age sixty years, died on the 25th day of January, 1927, as a result of accidental injuries suffered while in the course of his employment at the place of his employer, Eugene Donzelot & Son, No. 16 South First street, St. Louis, Missouri. At the time of his death and for more than a year prior to that time, deceased had been an employee of the employer at a weekly wage of fifty-seven dollars and sixty-nine cents ($57.69) per week, or three thousand ($3000) dollars per year. The said deceased left surviving him Mrs. William G. (Emma) Sleyster, respondent herein, his lawful wife, who was his sole and only dependent. Both employer and deceased at the time of sustaining injuries and at the time of his death were bound by the provisions of the Missouri Workmen's Compensation Act of 1925.

Following the death of said deceased, the report of accident and notice of disagreement and request for hearing were given the Commission, the disagreement arising out of the total amount of the award to be made in the case for compensation due the claimant, by reason of the death of said William G. Sleyster. Respondent contends that she is entitled to total award of eleven thousand five hundred dollars ($11,500) plus medical expense and funeral benefits, the figure above mentioned being based on two-thirds of the average weekly wage of the deceased for the period of three hundred (300) weeks. The employer and insurer contend that the amount of the award should be six thousand ($6000) dollars, plus medical and burial benefits provided by the act. The sum of six thousand ($6000) dollars represents a maximum weekly compensation of twenty ($20) dollars for a period of three hundred (300) weeks.

The controversy relates to the construction of section 21 of our Workmen's Compensation Act (Laws of 1927, p. 502) which, so far as it involves the question here, is as follows:

"Sec. 21. If the injury causes death, either with or without disability, the compensation therefor shall be as provided in this section.
. . . .

(b) The employer shall also pay to the total dependents of the employee a single total death benefit, the amount of which shall be determined in the following manner to-wit: ''There shall first be determined as a basis for computation 66 2/3 per cent of the employee's average weekly earnings during the year immediately preceding the injury as provided in section 22 and such amount shall then be multiplied by three hundred and the amount so determined shall be the amount of such death benefit. The death benefit provided for shall be payable in installments in the same manner that compensation is required to be paid under this act, but in no case less than at the rate of six dollars per week nor more than twenty dollars per week. There shall, however, be deducted from such death benefit any compensation which may have been paid to the employee during his lifetime for the injury resulting in his death.''

Counsel for appellant call attention to various sections of the act which they contend support their construction as follows:

Section 7(b) of the act provides that, '' 'Death' when mentioned as a basis for the right to compensation means only death resulting from such violence and its resultant effects occurring within three hundred weeks after the accident,'' and appellant asserts that this section shows the intent of the Legislature to limit the payment of compensation in death cases to that period of time.

''Sec. 13(d). No compensation shall be payable for the death or disability of an employee, if and in so far as the same may be caused, continued or aggravated by an unreasonable refusal to submit to any medical or surgical treatment or operation, the risk of which is, in the opinion of the commission, inconsiderable in view of the seriousness of the injury. If the employee dies as a result of an operation made necessary by the injury, such death shall be deemed to be caused by the injury.''

''Sec. 14(b). Compensation shall be payable as the wages were paid prior to the injury, but in any event at least once every two weeks. Each installment shall bear interest at the rate of six per cent per annum from the date when due until paid. Compensation shall be payable on the basis of 66 2/3 per cent of the average earnings of the employee computed in accordance with the rules given in section 22 of this act, but in no case shall the compensation exceed twenty dollars a week.''

''Sec. 20. The death of the injured employee shall not affect the liability of the employer to furnish compensation as in this act provided, so far as such liability has accrued and become payable at the time of the death, and any accrued and unpaid compensation due the employee shall be paid to his dependents without administration, or if there be no dependents, to his personal representative or other persons entitled thereto, but such death shall be deemed to be the

termination of the disability. Where an employee is entitled to compensation under this act for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid unaccrued balance for such injury shall cease and all liability therefor shall terminate unless there be surviving dependents at the time of such death.''

''Sec. 21(c). All death benefits provided for in this act shall be paid in installments in the same manner as provided for disability compensation.''

And that portion of section 48 relating to the commutation of compensation which provides that, ''the Commission will constantly bear in mind that it is the intention of this act that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid.''

Counsel assert in effect that because under the provision of section 7(b) the death of an employee, in order to come within the provisions of section 21, must occur within three hundred weeks after the accident, that therefore, section 21 must be construed as limiting the compensation for death to the amount which would be payable during such period and no more, and that therefore, if the maximum of $20 per week is applied for the 300 weeks, it would result in a total payment of $6000.

In considering this question we are to be guided by the rules of construction, that all parts of the statute must, if possible, be given meaning and effect (State ex rel. v. Harter, 188 Mo. l. c. 529, 87 S. W. 941) to ascertain and give effect to the intention of the Legislature as expressed in the statute and where the meaning of the language used is plain, it must be given effect by the courts (Betz v. Kansas City Southern Ry. Co., 314 Mo. 390, 284 S. W. l. c. 461; Grier v. Railway Co., 286 Mo. l. c. 534, 228 S. W. l. c. 457) without regard to results of the construction or the wisdom of the law as thus construed (State ex rel. v. Wilder, 206 Mo. 541, 105 S. W. 272).

With these rules in mind let us examine the act.

Section 21 specifically provides that in the event of death, either with or without disability, the compensation shall be as provided *in this section*, clearly indicating to our minds that the Legislature intended to exclude, in those cases in which compensation was payable, so far as the amount to be awarded is concerned, every other section of the statute except those specifically referred to in the section itself. In subdivision (b) it directs that the employer shall pay to the total dependents 66 2/3 per cent of the employee's weekly average earnings during the year immediately preceding the injury and such amount shall then be multiplied by three hundred and the amount so determined *shall be the amount of such death benefit.*

The limitations upon the amount to be recovered, are all contained in the subdivision itself, in that it is provided that the average weekly earnings are to be calculated according to the formula contained in section 22, and the further provision that there shall be deducted from such death benefit any compensation which may have been paid to the employee during his lifetime for the injury resulting in his death.

It is but logical to assume that when the Legislature said that the compensation shall be as provided in this section, calculated according to the formula of section 22 and limited by the amount theretofore paid the employee for the injury, that it intended just what it has said.

The fact that it provides that the death benefit is to be paid in installments of a minimum and maximum amount does not show any contrary intention, because its direction that "the death benefit provided for" must and can refer only to its declaration that "the compensation therefor shall be as provided in this section."

There is nothing in section 21(b) limiting payments for death to three hundred payments whether they be of the minimum or maximum amount fixed by the commission and it is not within our province to construe into its clear and plain provisions anything that is not warranted by the use of the language which the Legislature has employed to evidence its intention.

Taking the act as a whole, the Legislature disclosed its intention to treat each subject according to its views of the necessities regarding each of them, as an examination of the act will disclose.

An examination of the act, we think, clearly indicates that there is no basis for the claim that the Legislature had in mind a limitation of three hundred payments with reference to section 21, because it has particularly declared the number of payments wherever it intended that to be the rule. In section 15 it provides for payments for certain injuries for a period not exceeding four hundred weeks. In section 16 it provides for injuries of a certain character for a period of not more than one hundred weeks. In section 17 which has reference to the loss of limbs, feet, fingers, eyes, etc., after adopting the same method for ascertaining the amount to be paid as is provided in section 21. it specifies the number of weeks that payments are to be made to the employee. In section 18 it provides for the payment for life to the injured employee, for 300 weeks at 66 2/3 of his average annual earnings and thereafter for life at twenty-five per cent of his average annual earnings, but not less than six dollars nor more than $20 per week.

While it did not specify the number of weeks within which the amount provided by section 21 should be paid, there was no need of

it, because it did direct the total amount to be paid and the manner of its payment.

For the reasons stated it seems clear to us that the circuit court was correct and that its judgment approving and confirming the award should be affirmed. It is so ordered.

*Becker* and *Nipper, JJ.*, concur.