STATE OF MISSOURI AT THE RELATION AND TO USE OF EDNA GORMAN, APPELLANT, v. ED. C. OFFUTT, SUPERINTENDENT OF PUBLIC SCHOOLS OF AUDRAIN COUNTY, MISSOURI, RESPONDENT.*—26 S. W. (2d) 830.

St. Louis Court of Appeals.   Opinion filed April 8, 1930.

---

*Corpus Juris-Cyc References:   Constitutional Law, 12CJ, section 390, p. 887, n. 38; Mandamus, 38CJ, section 591, p. 877, n. 82; Schools and School Districts, 35Cyc, p. 1069, n. 92; Statutes, 36Cyc, p. 1103, n. 94; p. 1106, n. 29; p. 1111, n. 67; p. 1128, n. 54, 58.

*James P. Boyd, W. W. Barnes* and *Clarence A. Barnes* for appellant.

*W. W. Botts* for respondent.

HAID, P. J.—This is an appeal from an order sustaining a demurrer to an amended petition for a writ of mandamus.

The petition in effect alleges that on June 8, 1926, after due examination the relator was granted a second grade teacher's certificate by the county superintendent of public schools of Monroe county, Missouri, in accordance with the provision of sections 11358 et seq., of the Revised Statutes of Missouri, 1919; that on June 2, 1928, in accordance with the provisions of section 11361 of the statutes, the superintendent of public schools of Monroe county issued to the relator a teacher's re-issued second grade certificate certifying to relator's good moral character, the grades attained by her upon examination in the various subjects required by the statute, her teaching ability and management and that she had furnished satisfactory evidence of having completed four years of high school work, etc., which the relator alleges gave her the right and authority to teach in the public schools of Monroe county for a term of two years from that date; that at divers times up to and including the third day of June, 1928, the relator presented said re-issued second grade teacher's certificate to the respondent, superintendent of public schools of Audrain county, Missouri, for his endorsement, and on June 23, 1928, the respondent refused to endorse said certificate as

said superintendent of public schools and the relator, through her duly authorized agent and attorney William W. Barnes, made the request of said respondent to endorse said certificate as superintendent of public schools of Audrain county, Missouri, and tendered to him the fee of one dollar and fifty cents prescribed by section 11362, but that the respondent upon such request and tender refused to endorse said certificate or to give any reason for his action for refusing to do so and declined to accept the fee tendered.

The controversy hinges upon the construction to be placed upon the proviso contained in section 11362. That section, after providing that the county superintendent of public schools shall pass upon the moral character and requirements, other than scholastic, as shown by the papers written, of all applicants for certificates to teach in the schools under his jurisdiction, shall grade each applicant who has had four months' experience in teaching on teaching ability and management:

"Provided, that the county superintendent must endorse without examination second grade certificates from other counties in this state on the payment of the fee of one dollar and fifty cents; and such second grade certificate, when thus endorsed by the county superintendent, shall entitle the holder thereof to all the rights and privileges granted under and by a teacher's certificate issued by such superintendent under a regular examination, and shall not be revoked unless specified charges be made and filed with the county superintendent, notice thereof be given and an impartial hearing be had thereof, as is fully provided for in section 11364."

From 1911 up to 1919 the above quoted section was section 10943, of the Revised Statutes of Missouri, 1909, but by the act approved May 24, 1919, said section was repealed and re-adopted. In the amended act the word "may" in the proviso of the former act was changed to "must" and the amended act also contained the provision, as above shown, for the endorsement of such certificates from other counties in this state instead of merely "adjoining counties" and it added the provision that such second grade certificate when so en dorsed should entitle the holder to all the rights and privileges granted under and by a certificate issued by the superintendent to such holder under a regular examination.

It is contended by the respondent that there is a direct conflict between the two parts of section 11362 in that the first part thereof provides that the county superintendent of public schools shall pass upon the moral character of all applicants for certificates to teach in schools under his jurisdiction and shall grade each applicant who has had four months' experience in teaching on teaching ability and management, and it is argued that it is unreasonable to believe that the Legislature intended such result as would follow the literal mean-

ing of the word "must" as used in the proviso, because if a prospective teacher in one county should fail to get a certificate in that county all he would have to do would be to go to another county, if such could be found, where the superintendent would grant him a certificate and present it to the superintendent that had refused him a certificate and compel him to endorse it.

In the interpretation of a statute we are bound to consider all the provisions thereof and so to rule, if possible, that no part is destroyed or made meaningless by the construction of other parts (Rutter v. Carothers, 223 Mo. 1. c. 643, 122 S. W. 1056) and we have no right, by construction, to substitute any ideas concerning legislative intent contrary to those unmistakably expressed in legislative words (Clark v. Railroad, 219 Mo. 1. c. 534, 118 S. W. 40, 44).

We think an examination of the whole act discloses that the first portion of section 11362 is not, as a matter of fact, in conflict with the proviso because it only requires the county superintendent to grade the applicants for certificates to teach in the schools under his jurisdiction, or, in other words, that the superintendent is to grade those who may apply for authority to teach in his jurisdiction or who may apply for certificates in the jurisdiction of which he is the superintendent in charge, evidently intending that the applicants need not go to some other jurisdiction where, perchance, they may subsequently be employed. It nowhere requires such an examination be made by the superintendent of schools located where the teacher may actually teach. This construction is borne out by the provision of section 11358 that "the county superintendent of public schools shall have authority to examine teachers and grant certificates of qualification to teach in their respective counties or in the State." If they have authority to examine and grant certificates of qualification in the State, how can it be said that they are limited to granting certificates to applicants who may teach within the jurisdiction of the respective superintendents? This construction is also sustained by the provision of section 11361 that second grade certificates shall be renewed once without examination. If the respondent's contention were correct, it would make little difference whether the proviso was construed as it previously read or as it now reads, because the county superintendent within whose jurisdiction a teacher might be engaged to serve would be privileged to decline to endorse in every instance and thus render nugatory the provision for endorsement of second grade certificates issued from other counties of the State.

The foregoing view renders the whole section harmonious and would seem to account both for the change of "may" to "must" in the proviso and the additional provision that "such second grade certificate, when thus indorsed by the county superintendent, shall entitle the holder thereof to all the rights and privileges granted under and by a teacher's certificate issued by such superintendent

under a regular examination, and shall not be revoked unless specified charges be made and filed with the county superintendent, notice thereof be given and an impartial hearing be had thereon, as is fully provided for in section 11364."

Respondent says, however, that this construction would work an absurdity, because it would of necessity require the superintendent of one county to accept, against his judgment, the judgment of the superintendent of another county, and, therefore, that it is reasonable to believe that the change from "may" to "must" was through a clerical error. But that is entirely speculative and is not in accord with what seems to have been the intention of the Legislature when considered in the light of the other provisions of the statute. We are bound to construe statutes as written, without regard to the results of the construction or the wisdom of the law as thus construed (State ex rel. v. Wilder, 206 Mo. 541, 549, 105 S. W. 272).

But further, the statute in section 11364 prescribes a remedy if the superintendent to whom the certificate is presented for endorsement is not satisfied as to the qualifications or moral character of the applicant.

Respondent further contends that the meaning to be ascribed to the word "must" in the proviso is that without endorsement it shall not be effective in the county where the teacher is about to engage in her work. If the respondent is correct in this contention then the entire effect of the proviso is destroyed because in every case the superintendent to whom such certificate was presented, as we have already stated, would have the privilege of refusing to endorse the same unless the applicant took the prescribed examination under him.

We are of the view that it was error to sustain the demurrer to the petition, and, accordingly, that the judgment should be reversed and the cause remanded to the circuit court. It is so ordered.

*Becker* and *Nipper, JJ.,* concur.