STATE EX REL. SEARS, ROEBUCK & Co., a Corporation, Relator, v. GEORGE F. HAID, WILLIAM DEE BECKER and SIMON G. NIPPER, as Judges of the St. Louis Court of Appeals.—60 S. W. (2d) 41.

Division Two, April 20, 1933.

*Bryan, Williams, Cave & McPheeters* for relator.

702

*Earl M. Pirkey* for respondents.

WESTHUES, C.—Relator in this proceeding seeks to quash the opinion of the St. Louis Court of Appeals in the case of Cook v. Sears, Roebuck & Co., 51 S. W. (2d) 134, on the ground that it is in conflict with decisions of this court. ■ On certiorari, our review is limited to a determination of whether the opinion of the Court of Appeals conflicts with a principle of law announced by controlling decisions of this court. The opinion of the Court of Appeals reads as follows:

"This is an appeal from an order granting defendant's motion for new trial upon a judgment in favor of the plaintiffs.

"The plaintiffs brought suit for loss sustained by reason of defendant's failure to perform a contract of purchase of certain real

estate owned by plaintiffs at 1236 North Kings-highway boulevard, St. Louis. The contract relied upon was signed by the plaintiffs as owners of the property and by A. R. McConnell as the purchaser.

"The evidence disclosed that the plaintiffs owned the real estate at 1236 North Kings-highway and that they entered into a written contract with one Arch R. McConnell to purchase the same upon terms specified in the contract. It was asserted by the plaintiffs that McConnell, in executing the contract, did so as the agent for the defendant, and that the defendant, therefore, was liable for damages for the breach of such contract made by its agent.

"The defense was that in the absence of written authority for McConnell to purchase, the contract of purchase made by him was not binding upon the defendant.

"The court sustained the motion for new trial upon two grounds; that it erred in admitting the contract in evidence, and in refusing defendant's demurrer to the evidence at the close of the plaintiffs' case.

"The sole question presented on the appeal is whether the defendant is bound by the contract of purchase signed by Mr. McConnell, defendant's purchasing agent, who was not shown to have written authority from the defendant to make such purchase.

"Section 2967, Revised Statutes of Missouri 1929, which was Section 2169 of the Revised Statutes of Missouri 1919 when the contract was made (Missouri Statutes Annotated), provides, so far as it is material to a consideration of the matters here involved, that: 'No action shall be brought to charge . . . any person . . . upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof . . . unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized, and no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract.'

"Previous to an act of the Legislature adopted in 1887, the above statute ended with the words, 'or some other person by him thereto lawfully authorized' (Rev. St. 1879, sec. 2513); but by the Amendment of 1887 (Laws 1887, p. 195) there was added to the section the words, 'and no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract.'

"The defendant, in support of the action of the trial court, contends that because prior to the adoption of the amendment, our courts held that the statute applied both to the sale and purchase of lands (Schlanker v. Smith, 27 Mo. App. 522; Culligan v. Wingerter,

57 Mo. 241; Scarritt v. St. John's M. E. Church, 7 Mo. App. 174), the amendment must likewise apply to both, and, consequently, a contract by an agent to purchase land is not binding unless his authority to purchase is evidenced by writing.

"In other words, according to defendant's contention, the statute as amended means that no action can be maintained to charge any person (either seller or purchaser) upon any contract involving lands unless the agreement or some memorandum thereof shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized in writing.

"In considering this statute as amended we are bound to give effect to all the provisions thereof and to so rule, if possible, that no part is destroyed or made meaningless by the construction of other parts (State ex rel. v. Offutt, 223 Mo. App. 1172, 26 S. W. (2d) l. c. 831), and we have no right, by construction, to substitute our ideas concerning legislative intent contrary to that unmistakably expressed in legislative words. [State ex rel. v. Offutt, 223 Mo. App. 1172, 26 S. W. (2d) l. c. 831.] To construe the statute as defendant would have us construe it would make meaningless the amendment to the statute. It seems perfectly clear to us that if the Legislature had intended the amendment to apply both to the purchaser and the seller it would have limited its amendment to the insertion of the words 'in writing' immediately following the word 'authorized' preceding the amendment; but when we consider the conditions which the amendment was probably intended to correct, as we must (Louisiana Purchase Exposition Co. v. Schnurmacher, 151 Mo. App. 601, 132 S. W. 326), we think there can be no doubt that the amendment was intended to be limited to the very thing which is stated therein.

"In the case of Lindhorst v. Orphan Asylum, 231 Mo. 392, 132 S. W. 666, 670, the court said: 'It is common knowledge that, prior to the enactment of the amendment to said Section 3418 (now Section 2967, Rev. St. 1929) innumerable suits had been brought and prosecuted for the specific enforcement of contracts for the sale of real estate made by agents who had no written authority authorizing them to make the sales; also for the recovery of commissions alleged to be due such agents for making such sales. In order to put a stop to that character of litigation, and for the purpose of preventing fraud and perjury, the amendment in question was wisely enacted.'

"It seems perfectly clear to us, therefore, that the Legislature adopted the amendment with particular reference to the sale of real estate to obviate the difficulty stated by the Supreme Court in the above case and that, therefore, the statute as it existed previous to the amendment only is applicable to the situation before us. If the agent in the present case was duly authorized to purchase, as

we must assume from the fact that the jury found a verdict in favor of plaintiffs, then the trial court was in error in granting the motion for new trial.

"It results that the order of the trial court granting a new trial must be reversed, and the cause remanded to that court, with directions to reinstate the judgment in favor of the plaintiffs.

"It is so ordered."

▮ The Court of Appeals correctly held that prior to the amendment the statute, as interpreted by this court, applied to contracts for both the sale and purchase of lands, citing Culligan v. Wingerter, 57 Mo. 241. Other cases so holding are Luckett v. Williamson, 37 Mo. 389; Walker v. Owen, 79 Mo. 563. The language employed by the Legislature in the amendment is practically the same as that contained in the statute. The amendment was added subsequent to the time the above decisions were rendered. Therefore, following the universal rule of interpreting statutes, we must presume that the Legislature had in mind the construction that this court had placed on the language of the statute. [Handlin v. Morgan County, 57 Mo. 114, l. c. 116; Easton v. Courtwright, 84 Mo. 27, l. c. 34; State v. Schenk, 238 Mo. 429, l. c. 455, 142 S. W. 263, l. c. 270 (5); Kelly v. Thuey, 143 Mo. 422, l. c. 436, 437, 45 S. W. 300; Ex parte Carey, 267 S. W. 806, 306 Mo. 287; State ex inf. Gentry v. Meeker, 296 S. W. 411, 317 Mo. 719; State v. Messino, 30 S. W. (2d) 750, l. c. 754 (1), 325 Mo. 743; Wheeler v. Mo. Pac. Ry. Co., 42 S. W. (2d) 579, l. c. 583 (6-8), 328 Mo. 888; See, also, State ex inf. Harvey v. Mo. Athletic Club, 170 S. W. 904, 261 Mo. 576, L. R. A. 1915C, 876; 59 C. J. 1036, sec. 613, and cases there cited.] Had the Court of Appeals followed that rule of construction it would have necessarily decided that the amendment applied to contracts of purchase as well as to contracts of sale.

▮ The Court of Appeals, however, reasoned that it must give effect to all provisions of the statute. In this it was correct. The opinion then holds that if the amendment is interpreted so as to include contracts of purchase as well as of sale the amendment would be meaningless. Here, we think the Court of Appeals fell into error. In the opinion the court says that had the Legislature intended to include contracts of purchase of lands as well as of sale it would have simply added the words "in writing" after the phrase "or some other person by him thereto lawfully authorized." This reasoning would be sound if the statute applied only to contracts with reference to real estate transactions, but the section deals with other matters. For example, it provides that a promise to answer for the debt of another must be in writing; that a promise by any executor or administrator, to pay any debt out of his own estate should be in writing, and also any agreement that is not to be performed

within one year from the making thereof. Taking this into' consideration, we think it clear that the intention of the legislator, by the amendment, was to enlarge upon the clause referring to deals in real estate. It was, therefore, necessary to single out in the amendment the clause of the statute having reference to sale of real estate. The amendment, as worded, does not include the other promises or contracts mentioned in the section. But there is nothing in the wording of the amendment that would exclude contracts of purchase of real estate made by an agent of the purchaser. Viewing the provisions of the statute and the amendment in this light and taking into consideration the fact that this court, in the cases referred to, previous to the amendment, had expressly held the language of the statute to include contracts of purchase, we must presume that the amendment was made with that interpretation in mind. It follows that in order to bind the principal in a contract for the purchase of real estate by an agent, the agent's authority must be in writing. This construction does not render meaningless any part of the amendment. The holding of the St. Louis Court of Appeals is, therefore, in direct conflict with the principles of law announced in cases above referred to.

Because of the conflict, above noted, with our ruling in the cases wherein this court construed the language of the statute similar to the language in the amendment, respondents' opinion must be quashed. It is so ordered. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Tipton, J.*, and *Ellison, P. J.*, concur; *Leedy, J.*, not sitting.