Ernie R. McQUEEN and Genevieve H. McQueen, Plaintiffs-Respondents,

v.

Theresa HUELSING and Ann Huelsing, Defendants,

Theresa Huelsing, Defendant-Appellant.

No. 32634.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1968.

Joseph W. Dierker, John B. Sharpe, St. Louis, for defendant-appellant.

Sullivan & Joyce, St. Louis, for plaintiffs-respondents.

WOLFE, Judge.

This is an action for breach of a contract to purchase real estate. It was alleged in the plaintiffs' petition that the defendants entered into a written contract to buy from the plaintiffs certain real property in St. Louis County. It was further alleged that the defendants thereafter refused to buy the property and that the plaintiffs suffered damages in the sum of $2,175.68 for which they sought recovery. Defendant Theresa Huelsing filed a separate answer in which she denied signing the contract and pleaded the Statute of Frauds. The trial was to the court and the court found for the plaintiffs and awarded them a judgment against both defendants in the sum of $970.00. Defendant Theresa Huelsing prosecutes this appeal. It was alleged in the plaintiffs' petition that the agreement was signed for the defendants "Theresa and Ann Huelsing" by defendant Ann Huelsing.

The only evidence offered was the testimony of plaintiff Ernie McQueen. He testified over the objection of Theresa Huelsing that he offered his house for sale and that Ann and Theresa Huelsing came out to his house and agreed to buy it for $17,500.00. He stated that on September 16, 1961 the defendants both came to his house with their brother and his wife, and he stated that his wife (co-plaintiff) and his daughter were present in their living room and they met there for the purpose of drawing up a contract of sale. His daughter typed the contract which provided for an earnest money payment of $300.00. One-third of the amount was to be paid at once and the balance on September 18. The sale was to be consummated on October 16, 1961.

After the contract was typed the McQueens signed it. The contract was given to Ann Huelsing to sign and her sister Theresa asked Ann to sign it for her. Ann then signed "Theresa and Ann Huelsing." On September 18 the two defendants came again to McQueen's house and paid the balance of $200.00 earnest money. McQueen said that about a week after the contract was signed Theresa Huelsing telephoned him and told him they could not go through with the contract as they had been unable to sell their house. He protested and she called him a few days later and said they would go through with the deal. The defendants did not come to see him on the closing date and he later sold the house to another party at a smaller price. The balance of his testimony related to damages he sustained by reason of the defendants' failure to go through with the contract. Since no point is before us as to that it is unnecessary to set it out.

The defendants offered no evidence. As stated the court held for the plaintiffs; awarded them damages in the sum of $970.00, and only defendant Theresa Huelsing has appealed.

It is contended that the Statute of Frauds, § 432.010, RSMo, V.A.M.S., bars recovery against Theresa Huelsing. The statute as it pertains to the defense asserted is as follows:

"No action shall be brought * * * upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them * * * unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized, and no con-

tract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract."

There is no evidence of any signed authorization for Ann to act as Theresa's agent nor evidence of any memo signed by the appealing defendant nor any contention that she signed one. The plaintiffs rely upon Theresa Huelsing's ratification or acquiescence. The Supreme Court of Missouri had before it a similar situation in the case of Austin & Bass Builders, Inc. v. Lewis, Mo., 359 S.W.2d 711. In that case damages were sought against two defendants, who were the purported sellers of real estate, for their failure to convey the land they purportedly sold. And, as in the case here considered, one defendant denied that she had signed the contract. The court stated (l.c. 715):

> " * * * The law seems clear in Missouri that the statute means just what it says when it requires the authority of an agent in a 'contract for the sale of lands' to be in writing. Johnson v. Fecht, 185 Mo. 335, 83 S.W. 1077, 1079; Wussler v. Peterson, Mo., 270 S.W.2d 12; Hunt v. U. S. Fire Insurance Co. of New York, 239 Mo.App. 625, 193 S.W.2d 778; State ex rel. Sears, Roebuck & Co. v. Haid, 332 Mo. 701, 60 S.W.2d 41; Bokern v. Loud, Mo.App., 108 S.W.2d 1049. And these cases clearly indicate that the same rule, i. e., the necessity of a writing, applies to a ratification as well as to an original authorization."

■ It is true that the defendants in the case of Austin & Bass Builders, Inc. v. Lewis, supra, were sellers while in this case the defendants are buyers but this is of no importance as the statute applies with equal force to both the purchasers and sellers of real estate. State ex rel Sears, Roebuck & Co. v. Haid, 332 Mo. 701, 60 S.W.2d 41.

■ The defendant Theresa Huelsing did not sign the contract. She authorized

no one in writing to sign it for her nor did she in writing ratify the contract. Under the statute and its clear construction in the case of Austin & Bass Builders, Inc., above quoted, the appellant could not be held to the contract when she raised the Statute of Frauds.

■ The respondents seek to support the judgment on the theory of equitable estoppel. We are cited to Fritsch v. National City Bank, Mo.App., 24 S.W.2d 1066. That case does not involve real estate or the Statute of Frauds. We are also cited to Fleming v. Anderson, Mo., 232 S.W. 718. We fail to see how the respondents could be aided by this case. The court held that although the agent was authorized to sell for cash this did not authorize the agent to take in trade a horse and an automobile. It was held that the buyer knowing that the agent's authority was in writing, "put him on inquiry" and he was obliged to ascertain the extent of the agent's authority. One other case cited is Heath v. Beck, Mo.App., 231 S.W. 657. The Statute of Frauds was not raised in that case upon trial and the court held that it could not be raised for the first time on appeal. Nothing in any of these cases supports the respondents' contention.

As for equitable relief the Supreme Court stated in Jones v. Linder, Mo., 247 S.W.2d 817, l. c. 823:

> " '* * * equity does not profess to enforce a verbal agreement simply because it has been satisfactorily established.' "

It went on further to say at l.c. 826:

> " * * * to permit recovery of damages for loss of the benefits of a bargain, or damages computed by expenditures made in reliance on the oral contract where defendant was not benefited by those expenditures, would be to permit a recovery in an action prohibited by the statute of frauds, i. e., an action ' * * * charge any person * * * upon any contract made for the sale of lands, * * *

unless the agreement * * * be in writing * * *.' "

The defendants here took nothing from the plaintiffs but, in fact, lost the $300.00 paid as earnest money.

For the reasons we have stated the judgment against Theresa Huelsing is reversed.

ANDERSON, P. J., and RUDDY, J., concur.