## BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE

### MARCH TERM, 1922.

---

META STOLL, Appellant, v. FRANK ADAM ELEC-
TRIC COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals. Opinion Filed April 4, 1922.

1. **MASTER AND SERVANT: Servant Injured: Dangerous and Un-
guarded Machinery: Statutes: Mercantile Establishment Included
Within Term "Other Estabishments."** In construing section 6786,
Revised Statutes 1919, requiring the belting, shafting, machines,
machinery, gearing and drums in all manufacturing, mechanical
and other establishments, when so placed as to be dangerous ·
to persons employed therein or thereabouts, while engaged in their
ordinary duties, to be safely and securely guarded when possible,
the phrase "and other establishments," in the connection it is
used, does not call for the application of the rule *ejusdem generis*
in construing the statute, and the language used is broad enough
to include a mercantile establishment where labor is employed and
unguarded and dangerous machinery is used.

2. ———: ———: ———: **Negligence: Contributory Negligence: Ques-
tion for the Jury.** Where it appears that plaintiff, while working
as a clerk or demonstrator in defendant's place of business, was
required to use a narrow aisle while in the discharge of her ordi-
nary duties, and that while she was in the aisle for the purpose
of demonstrating a washing machine to a prospective customer
some other person in the store attempted to pass her in this nar-
row passageway, and in attempting to permit this person to pass,

plaintiff in some manner thrust her hand toward the machine and her fingers were caught in the unguarded rollers of an electrically operated wringer attached to such machine, and she was injured, *held* plaintiff was not guilty of contributory negligence as a matter of law.

### ON MOTION FOR REHEARING.

3. **STATUTES:** Construction: Ejusdem Generis: Rule Never Applied or Construed so as to Defeat Legislative Purpose. The rule of *ejusdem generis* is a rule of necessity, used as an aid in the construction of statutes to enable the court to arrive at the real legislative intent, and it should not be applied unless it is necessary and is never applied or construed so as to defeat legislative purpose.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. M. Hartmann,* Judge.

REVERSED AND REMANDED.

*Conrad Paeben* for appellant.

*James T. Roberts* of Counsel.

(1) (a) On defendant's demurrer to the evidence the concern of the appellate court is to ascertain what was shown on behalf of plaintiff and what that evidence tends to prove. Kincaid v. Laundry Co., 189 Ill. 1189; Yates v. House Wrecking Co., 195 S. W. 549; Willadsen v. Blue Valley Creamery Co., 214 S. W. 258. (b) The party demurring admits the truth of the testimony to which he demurs. The court on appeal must allow to a plaintiff's case on defendant's demurrer the benefit of every reasonable inference of fact arising on the proof. Williams v. Railroad Co., 257 Mo. 87; Link v. A. C. L. R. R. Co., 233 S. W. 834. (2) The belting, shafting, machines, machinery, gearing and drums in all manufacturing, mechanical and other establishments in this State so placed as to be dangerous to persons employed therein or thereabouts while engaged in their ordinary duties, shall be safely and securely guarded when pos-

sible. Sec. 6786, R. S. 1919, amended 1909. (3) Section 6786, R. S. 1919, commonly called "The Guarding Statute" or "Factory Act," being highly remedial and an enlargement of the rights formerly given under the common law, must be liberally construed so as to effectuate the true intent and meaning thereof. Sec. 7048, R. S. 1919; Austin v. Bluff City Shoe Co., 176 Mo. App. 546, Cole v. North Am. Lead Co., 240 Mo. 247. (4) The electric shop in which plaintiff was employed was covered by the Factory Act (R. S. 1919, sec. 6786) in that it was a "mechanical or other establishment" within the meaning of the law. Henderson v. Heman Const. Co., 198 Mo. App. 423, 199 S. W. 1045. (5) The question as to whether the machine was so placed as to be dangerous and should have been guarded was a question of fact for the jury and not one of law for the court. Austin v. Shoe Co., 176 Mo. App. 573. (6) The court erred in giving at the close of plaintiff's case a peremptory instruction to find for the defendant because, under the facts here presented, it was a question of fact for the jury and not a question of law for the court as to whether or not the machine mentioned in the evidence was so placed as to be dangerous to plaintiff and could have been guarded without interfering with its practical operation. In the trial of a case, if, under the facts as presented, the minds of reasonable men might differ, it then becomes a question of fact for the jury. Austin v. Shoe Co., 176 Mo. App. 546; Kincaid v. Laundry Co., 189 S. W. 1189. (7) Plaintiff was not guilty of contributory negligence, as a matter of law, in getting close to the washing machine in question to allow another clerk to pass her in the aisle. As here presented, it is a question for the jury. Tatum v. Crescent Laundry Co., 208 S. W. 139, 201 Mo. App. 97. (a) The principle running through all the cases is that unless the danger is so glaring that no person of ordinary prudence would undertake to do what was done, the question of contributory negligence is not one of law for the court, but one of fact for the jury. Yates v. House Wrecking Co.,

195 S. W. 549; Willadsen v. Blue Valley Creamery Co., 214 S. W. 58; Miniea v. Cooperage Co., 175 Mo. App., 103. (8) While the defendant-respondent may not have anticipated the very accident that did occur, yet the liability of a defendant charged with negligence does not depend upon the question of whether or not the defendant could or ought to have anticipated the very injury complained of, but he will be held liable for anything which, after the injury is complete, appears to have been the natural and probable consequence of his act or omission. Buckner v. Horse & Mule Co., 221 Mo. 719; Deneschocky v. Seibel, 193 S. W. 966, 969.

*Jones, Hocker, Sullivan & Angert* for respondent.

(1) Under the undisputed facts, section 6786, Revised Statutes 1919, known as "The Guarding Statute," has no application to this case. 1. The defendant was was not engaged in manufacturing or mechanical business within the meaning of said statute. It conducted a retail shop or store where manufactured articles only were sold. 2. A retail shop or store is not in the class with manufacturing or mechanical establishments. The principle of *ejusdem generis* applies in the construction of the statute, and the phrase "and other establishments" should be construed to mean "and other such establishments." State v. Wade, 267 Mo. 257; Standard Oil Co. v. Swanson, 49 S. E. 263. (2) The plaintiff was guilty of contributory negligence as a matter of law. Kilmer v. Connecticut Zinc Corp., 227 S. W. (Mo. App.) 861; Hirsch v. Bread Co., 150 Mo. App. 174; Smith v. Forrester-Nace Box Co., 193 Mo. 715; Nugent v. Milling Co., 131 Mo. 241.

NIPPER, C.—This is an action to recover for personal injuries alleged to have been sustained by plaintiff while working as a clerk or demonstrator in defendant's place of business, by having her hand caught between the rubber rollers of an electrically operated "wringer" attached to a washing machine.

The court gave a peremptory instruction for defendant at the close of plaintiff's case, and plaintiff took an involuntary nonsuit with leave to move to set the same aside. Upon the overruling of said motion plaintiff perfected her appeal to this court.

The accident occurred on the 12th of December, 1918, and this action is based upon section 7828, Revised Statutes 1909, now section 6786, Revised Statutes 1919.

The defendant conducted a store on Pine street, in the city of St. Louis. In this store were the usual fixtures to be found in one of this kind. Arranged on the floor were rows of electric stoves and electric washing machines. These machines were so arranged as to create a narrow aisle wide enough for a person to walk through. Plaintiff was employed as a saleswoman, and worked for defendant in this store, which was designated as an electric shop. It was plaintiff's duty to sell anything in the store that customers wanted. She had worked for defendant about three months prior to the accident. When a customer would come in it was plaintiff's duty to demonstrate these washing machines with their various attachments. The machine which caused plaintiff's injury is known as a Thor washing machine. There is a button attached to the machine which turns on the electric power. This power is conveyed to the machine by means of an electric cord which is plugged in at a socket located near the desk. There is a lever which is used to start and stop the rollers of the wringer attached to the machine. She plugged in the socket located on the floor, and as she arose some one was trying to pass her in the narrow aisle as she stood close to this washing machine. The rollers which caught her hand were not guarded. In answer to the question as to how it happened, she stated:

"As I got up to a standing position some one was going past me, and turning my body I was standing at this machine, this Thor machine, and my hand was drawn in between the rollers of this machine, which was running, just to take my hand through."

It appears that she did not start the machine after plugging in the cord, but it had been left apparently in a

position to start as soon as the cord was attached. The rollers in this wringer were located at a height slightly above the waist-line of plaintiff. The machines were not manufactured in this establishment, but were merely sold there as a retail store. The evidence also discloses that it was possible to guard the rollers of this machine, and that similar machines were guarded in laundries.

Aside from the doctor who testified as to plaintiff's injuries, only three witnesses testified in this case.

## I.

The facts are plain and undisputed. The questions of law presented by this appeal are: whether or not defendant was engaged in such business as comes within the provisions of the section of our statute above referred to; and, whether or not plaintiff was guilty of contributory negligence as a matter of law.

## II.

The statute upon which this action is based, as it existed at the time of the accident, reads as follows:

"The belting, shafting, machines, machinery, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible," etc.

This statute has been construed by our appellate courts a number of times, although the exact questions presented here have not been heretofore directly passed upon by any of the courts of this State, so far as we have been able to ascertain.

Our Supreme Court, in Cole v. North American Lead Co., 240 Mo. 397, 144 S. W. 855, stated that this section of our statute was "one of the wisest and most humane statutes to be found upon our statute books, and should be given a broad and liberal interpretation, because it is remedial and highly salutary, . . . The Legislature

knew that the human mind and conduct was such that a servant when in the performance of his duties to his master, surrounded by dangerous machinery, in motion, with his mind concentrated upon his work, oblivious to his surroundings, is liable to slip or take a misstep and fall into the revolving machinery, or thoughtlessly thrust his hand or other portion of his body in the gearing or other portion of the machinery. . . . It was the intention of the Legislature, and the object and purpose of the statute to put a stop to all such injuries which grow out of such inattention, inadvertence, mishaps or accidents, that is, such acts of omission.''

In Yates v. House Wrecking Co. (Mo. App.), 195 S. W. 549, l. c. 551, it is said:

''The question, primarily, is not at what particular place is the machinery located, but rather is, where it is located with reference to the servant's ordinary duties. If, in the performance of such duties, he must go or reach in dangerous proximity to the machinery, it should be 'securely guarded when possible.' ''

In Austin v. Shoe Co., 176 Mo. App. 546, 158 S. W. 709, it was held by this court that this statute is highly remedial, and although it changes the common law, it is to be liberally construed in favor of the safety of the lives and limbs of employees who may be employed about dangerous machinery, and that the very language of the statute affords unmistakable evidence of the broad purposes held in view by our legislators in providing for the safety of employees engaged in and about the factories and workships in this State. In this connection, see also, Henderson v. Heman Construction Co., 198 Mo. App. 423, 199 S. W. 1045; Willadsen v. Blue Valley Creamery Co., 201 Mo. App. 527, 214 S. W. 258; 18 R. C. L. 591.

Defendant contends that the phrase, ''and other establishments,'' in the connection it is used, was intended to embrace places of the same general character as those enumerated, thus calling for the application of the rule of *ejusdem generis*. In view of what has been said by the

courts of this State in construing this statute, and the object, purposes, and intent of the Legislature in its enactment, we would not be justified in placing this narrow and constrained construction upon it. Section 7827, Revised Statutes 1909, which immediately precedes the one in question, and is a part of the same article, provides that, "All accidents in manufacturing, mechanical, mercantile or other establishments or places within this State where labor is employed which prevent the injured person or persons from returning to work within two weeks after the injury, or which result in death, shall be reported by the person in charge of such establishment or place to the factory inspector," etc.

In that section, in addition to mechanical and manufacturing establishments, mercantile establishments are specifically mentioned as establishments which must deal with the factory inspector with respect to the events or happenings enumerated in the section. We see no occasion or reason here for applying the rule of *ejusdem generis* to restrict the natural and broad meaning which would be applied to the phrase, "and other establishments," by the persons for whose benefit the law was enacted, and which, in commonplace affairs would be applied to the words. If our legislators intended a different meaning, it would have been easy for them to have said so.

In Kosidowski v. Milwaukee, 152 Wis. 223, the Supreme Court of Wisconsin, under circumstances similar to those which confront us, addressing itself to this point, made use of the following language:

"Any resort to subsidiary rules for construction to restrict the meaning would result in defeating the will of the lawmaking power instead of giving full effect thereto. The latter is a judicial duty, and should be, as it is, a pleasure."

And in Caddy v. Interborough R. T. Co., 195 N. Y. 415, it is said:

"In cases like this, lexicographers' definitions are useful as guide-posts, but they do not take us to our destination. The statutory meaning of a word or phrase must be gathered from the purpose for which the law containing it was enacted."

It is not contended that this was not a "machine" within the meaning of the statute in question. We think the Legislature, by the enactment of this statute, intended to afford the same protection to employees in "other establishments," while engaged in their ordinary duties, if such duties required them to work near unguarded machinery, as it did to employees in manufacturing or mechanical establishments, and that our legislators, in the use of the phrase, "and other establishments," meant just what they said, and if they had intended otherwise they could easily have said so. This language is broad enough to include a mercantile establishment where labor is employed and unguarded and dangerous machinery is used.

## III.

As to the defense of contributory negligence, it it appears that plaintiff was required to use this narrow aisle while in the discharge of her ordinary duties, and that, while she was in the aisle for the purpose of demonstrating this machine to a prospective customer, some other person in the store attempted to pass her in this narrow passageway. In attempting to permit this person to pass, plaintiff in some manner thrust her hand toward this machine and her fingers were caught in the rollers thereof and she received the injuries in question; and under such facts as are disclosed by this record, we would not be warranted in holding plaintiff guilty of contributory negligence as a matter of law. [Tomlinson v. Marshall et al., — Mo. App. —, 236 S. W. 680.] It follows, therefore, that the court erred in not sustaining plaintiff's motion to set aside the invol-

untary nonsuit. Therefore, the Commissioner recommends that the judgment be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Allen, P. J., Becker* and *Daues, JJ.,* concur.

ON MOTION FOR REHEARING. OPINION FILED APRIL 28, 1922.

NIPPER, C.—Learned counsel for respondent, in their motion for rehearing, insist that the opinion is in conflict with certain opinions of the Supreme Court, because of our failure to apply the rule of *ejusdem generis* in construing the general words of the statute "and other establishments." This rule is a rule of necessity, used as an aid in the construction of statutes, to enable us to arrive at the real legislative intent. It should not be applied unless it is necessary, and is never applied or construed so as to defeat that purpose. If the particular words "manufacturing" and "mechanical" exhaust the genus, there is nothing *ejusdem generis* left; and we must give the general words a meaning outside of the class indicated by the particular words, or say that they have no meaning, in which case the rule would defeat its own purpose. The words "manufacturing" and "mechanical" exhaust their class, and to apply the rule of *ejusdem generis* here we would have to say that the language "and other establishments" had no meaning, and was practically useless. To apply the rule in this case we would have to say that the Legislature did not intend to require the guarding of machinery in any place other than manufacturing or mechanical establishments, because the specific words exhaust the general class to which they belong. If this was the intention of the Legislature, the use of the words "and other establishments" is meaningless. The rule is never applied under such circumstances. [See National Bank of Com-

Stoll v. Adam Elec. Co.

merce v. Ripley, 161 Mo. 126, 61 S. W. 587.]   If this ruling appears harsh and unreasonable, then the Legislature and not the courts are responsible.

The Commissioner recommends that the motion for rehearing be overruled.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.   Respondent's motion for rehearing is accordingly overruled.   *Allen, P. J., Becker* and *Daues, JJ.,* concur.