## Wirth Lang Company v. Meece, et al.

(Decided December 1, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Master and Servant—Compensation for Amputation of Thumb and Metacarpal Bone Limited by Specific Provision for Such Injury.—Under Workmen's Compensation Act (Ky. Stats., section 4899), an employee whose thumb was amputated with its matacarpal bone following a period of 22 weeks of total disability, during which physician endeavored to save injured member, held entitled only to 65 per cent. of his average weekly earnings for a period not to exceed 70 weeks, and not to an additional allowance under section 4897 for disability up to time of the amputation; section 4899 expressly excluding all other compensation except such as is payable under sections 4883 and 4885.

O'NEAL & O'NEAL for appellant.

FRANK COYLE and HUGGINS & OLDHAM for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

This appeal involves a construction of section 4899, Kentucky Statutes, edition of 1922, one of the sections of our Workmen's Compensation Act, together with a construction of such other sections of that act as it may be found necessary to read in connection therewith. The facts are agreed. While employed by appellant appellee was accidentally injured in the course of his employment. They had accepted the provisions of the Workmen's Compensation Act. He was receiving an average wage of $25.00 per week. One of his thumbs was injured and the injury was such as to result in permanent disability from December 2, 1921, until May 15, 1922, a period of 22 weeks. During that time the physician treating him directed his efforts toward saving the injured member. On the latter date it became necessary to ampu-

tate, and appellee's thumb and its metacarpal bone were removed.

The sole question presented by the appeal is whether in that state of case, under section 4899, appellee's compensation is limited to 65% of his average weekly earnings during 70 weeks within the minimum and maximum limits fixed, or whether under section 4897 he is entitled to 65% of his average weekly earnings within the limits fixed, as compensation for total disability for the time from the date of the injury, December 2, 1921, to the date of the amputation, May 15, 1922, less the first seven days thereof, and then under the provisions of section 4899 to 65% of his average weekly earnings within the limits fixed for a period of 70 weeks for the loss of his thumb and its metacarpal bone. Appellant takes the former view and appellee the latter.

The question is new in Kentucky, never having heretofore been presented to this court. It reaches us in the usual way, originating in a claim presented to, a finding and an award by the Workmen's Compensation Board, an appeal to the circuit court, and thence to this court. The question may be correctly determined only by ascertaining the intention of the legislature from a consideration of the language used to express that intention found in the portion of the compensation act relating to the question under consideration. Compensation for disabilities is provided for by sections 4897, 4898 and 4899, of the statutes. Section 4897 provides for compensation for total disability. It is decreed by the terms of that section that when the injury causes total disability for work, the employer, during the disability, except the first seven days, shall pay the employe so injured a weekly compensation equal to 65% of his average weekly earnings, but not more than $15.00 nor less than $5.00 per week, the payments to be made during the period of total disability but not longer than eight years after the date of the injury, nor in any case to exceed a maximum sum of $6,000.00. It further provides for cases in which total disability begins after a period of partial disability with which we are not here concerned. That section further declares certain injuries to constitute total, permanent disability with which we are not here concerned.

Section 4898 provides for temporary, partial disability with which we are not concerned. The loss of a thumb is a permanent disability, though only partial in its nature.

Section 4899, as relates to partial, permanent disability, occasioned by the loss of a thumb and its metacarpal bone, reads as follows:

"Partial permanent disability; compensation for specified injuries; other similar disabilities.— For injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation, except such as may be payable under sections 4883 and 4885 hereof, a weekly compensation equal to sixty-five per cent (65%) of his average weekly earnings, but not less than five dollars ($5.00) per week nor exceeding twelve dollars ($12.00) per week for the respective periods stated thereon, to-wit:

"For the loss of a thumb, sixty-five per cent (65%) of the average weekly wages during 60 weeks.

. . .

"For the loss of a metacarpal bone (bone of palm) for the corresponding thumb, finger or fingers above add ten weeks to the number of weeks as above."

It will be observed that disabilities as the basis for compensation are divided by the legislature into three classes. Section 4897 treats of the first class or that class of injuries resulting in total disability. As reference to that section will make manifest total disabilities also are subdivided into two classes, temporary and permanent, although no distinction is made between the two classes in compensating the injured employe. For total disability, under section 4897, the employe is paid 65% of his average weekly earnings, but not more than $15.00 nor less than $5.00 per week, and in case of temporary, total disability the compensation continues as long as the disability exists. In case of permanent, total disability, the maximum time for which compensation shall be paid is fixed at eight years, and the maximum amount that may be paid is fixed at $6,000.00. Section 4898 provides for compensation for temporary, partial disability, into which class falls any injury resulting in partial disability that will not be permanent in character. The following section, 4899, that quoted above, deals with permanent disabilities, partial in their character, and compensation for same. As reference to its terms will make manifest, it enumerated a number of injuries that should be deemed to fall within its provisions and to be partial,

permanent disabilities, and fixed as compensation for such injuries a schedule of compensation and time during which it should be paid. The loss of a thumb and its metacarpal bone was among the injuries enumerated as permanent, partial disabilities. There might be force to the argument made for appellee that his injury which resulted in total disability from December 2, 1921, to May 15, 1922, and which then resulted in the loss of his thumb and its metacarpal bone should be treated as temporary, total disability, under section 4897, from the date of the injury to the date of the amputation, but for the fact that section 4899 expressly provides that an injury resulting in the loss of a thumb and its metacarpal bone is to be treated as partial, permanent disability for which the injured employe shall be compensated by receiving 65% of his average weekly earnings, but not less than $5.00 nor more than $12.00 per week for sixty weeks for the loss of the thumb, and ten weeks for the loss of its metacarpal bone "in lieu of all other compensation." If the latter section did not expressly class an injury resulting in the loss of a thumb as partial, permanent disability and provide that "in lieu of all other compensation" the injured employe shall receive certain scheduled fees, we might be at liberty to hold that the disability following the accident and before the amputation, if the facts warranted it, was a total disability of a temporary character and compensable under section 4897. It seems to this court, however, that the legislature has so clearly expressed its intention with reference to injuries resulting in disability and the loss of certain bodily members which are enumerated in section 4899, and has so expressly declared that they shall be deemed to be partial, permanent disabilities, compensable under the provisions of that section "in lieu of all other compensation" as to preclude the conclusion that it was intended that for injuries resulting from the losses enumerated in section 4899 the injured employe might also be compensated for a period of temporary total disability under section 4897. It seems to this court that by section 4899 all injuries resulting in the loss of the members of the body enumerated therein were classified by the legislature as partial, permanent disabilities. That section provided the schedule of compensation that should be paid to the injured employe for partial, permanent disabilities "in lieu of all other compensation," except that payable under sections 4883 and 4885. How then may we

say that injuries resulting in the losses enumerated therein may be classified for a time as total, temporary disabilities, under the provisions of section 4897, and subsequently as partial, permanent disabilities under the provisions of section 4899, and compensated accordingly? The legislature classified such injuries resulting in such losses as partial, permanent disabilities and provided a schedule of compensation therefor that should be "in lieu of all other compensation." In the face of the classification made by the legislature, in the terms of the act itself, this court can not classify such injuries as the act prescribes shall be classed as partial, permanent disabilities as total, temporary disabilities and compensate for them as such, in addition to the compensation provided by section 4899 for permanent, partial disabilities. Any injury resulting in the loss of any of the bodily members, enumerated in section 4899, is classified as a permanent, partial disability by that section, and is compensable only under the schedule of compensation provided in that section of the act.

The judgment of the court below was in conflict with rather than in conformity to our views herein expressed, and therefore it is reversed, and this cause is remanded with direction that judgment be entered correcting the award entered herein to conform to our views herein expressed.

Judgment reversed.