## Fame Armstrong Laundry Company v. Brooks et al.

(Decided October 23, 1928.)

### Appeal from Kenton Circuit Court.

1. Master and Servant.—Where, in addition to loss and injury to fingers, there is further injury to hand, Workmen's Compensation Board may make award for permanent partial disability to hand separate and apart from award made for loss and injury to fingers, under Ky. Stats., section 4899.

2. Master and Servant.—When compensation is allowed under Ky. Stats., sec. 4899, relating to compensation for specified injuries, such compensation allowed must be in lieu of all other compensation.

3. Master and Servant.—Award erroneously made by board for temporary total disability should be, in so far as it was paid, deducted from allowance to be made for permanent partial disability to hand, under Ky. Stat., sec. 4899.

4. Master and Servant.—Award made under Ky. Stats., sec. 4899, relating to compensation for specified injuries, is not in lieu of medical, surgical, and hospital treatment, as provded by secs. 4883, 4885.

5. Master and Servant.—Workmen's Compensation Board should not make allowance for medical bills, under Ky. Stat., secs. 4883, 4885, unless there is testimony that injured employee has incurred expenses for purposes mentioned in statute, but it is unnecessary that injured employee has actually paid expenses incurred.

O. M. ROGERS for appellant.

HORACE W. ROOT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellee, Anna E. Brooks, was working for the appellant, the Fame Armstrong Laundry Company, in Covington, when she received an injury, while operating one of its presses, to the index, second, and third fingers of her right hand; the injuries being caused by a severe burn. The thumb and the little finger of the right hand were less seriously injured at the time, and it is claimed by appellee that the injury extended to her right hand. The Workmen's Compensation Board, upon her making claim, awarded her $8.45 a week for 29 1/3 weeks for temporary total disability, less one week waiting period, and $8.45 a week for a period of 112 1/3 weeks for 75 per cent. permanent partial disability to the right hand. The

award also carried an allowance for medical bills not to exceed $100.

The appellant filed a petition for a review of the award in the Kenton circuit court, and that court upheld the findings of the Workmen's Compensation Board.

The contention is made by appellant that the award was for a 75 per cent. permanent partial disability to the right hand, when the testimony showed that three of the fingers, to wit, the index, second, and third were badly burned, resulting in complete ankylosis, and that the thumb and little finger were slightly burned. The finding should have been, so it is contended by appellant, for the loss of the fingers and injury to the thumb and little finger, if any, and that the board was without authority to make an award for permanent, partial disability to the hand as a whole.

The number of weeks for which compensation may be paid for the loss of a hand is 150. The number of weeks for which an award may be made for loss of fingers is, 60 weeks for a thumb, 45 weeks for the first finger, 30 weeks for the second finger, 20 weeks for the third finger, and 15 weeks for the fourth or little finger. If there was a loss only of the first, second, and third fingers, the time for which she was compensable was 95 weeks as that is the maximum of the aggregate for the loss of these three fingers. It is admitted by appellant that appellee was entitled to an award for 95 weeks, and it is not seriously denied that she was entitled to compensation for additional time by reason of the injury to her thumb and little finger. There was testimony that the ends of the little finger and thumb were burned, resulting in a stiffening of the end joint of each. Compensation may have been awarded for the injury to these fingers also, as allowed by the provisions of section 4899, Ky. Stats.

There was testimony from which it may have been reasonably inferred by the board that there was an injury to the hand in addition to the injury to the fingers. There is no specific provision for awarding compensation for an injury to the hand separate and apart from the award which may be made for loss of the fingers, or injury to them. If a hand is lost (that is, physically lost), the number of weeks for which compensation may be paid is fixed, but, in the schedule contained in section 4899, supra, there is no provision for an allowance for the impairment of the hand. The section aforesaid, however, does allow compensation in all cases of permanent

partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee. If, then, there is a complete loss of some fingers, and injury to the other fingers, the board must make an award in accordance with the schedule contained in the section of the statute mentioned. If, in addition to the loss and injury to the fingers, there is a further injury to the hand, the board may make an award for permanent partial disability to the hand separate and apart from the award made for the loss and injury to the fingers. The rule for making such an award is found in the section of the statute aforesaid.

Instead of making an award as was done by the board (that is, for temporary total disability and for permanent partial disability to the hand), the board should have made an award for the loss of the three fingers and for injury to the thumb and little finger, if there was evidence justifying an award for injury to the thumb and little finger. In addition thereto, the board should have made an award, if there was any evidence to justify it, for permanent partial disability to the hand separate and apart from the loss of and injury to the fingers.

It is urged by the appellant that there should have been no award for total temporary disability, and, since such an award was made, that the amount paid under that award should have been deducted from the award made for permanent partial disability. An examination of section 4899, supra, makes it clear that the schedule governing awards under that section is in full of all compensation for such injuries as are described in that section. The section itself contains the clear language that the allowance made by that section shall be in lieu of all other compensation except such as may be payable under sections 4883-4885, Ky. Stats. The section was intended to allow full compensation for the loss of the fingers, or of any or all of the fingers including the thumb, or for partial loss of the fingers and thumb, for the loss of a hand or arm, for the loss of any or all of the toes, or a partial loss of the toes, and for the loss of a foot or leg. In addition, the section allows compensation for permanent partial disability to any of the members mentioned, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee. When compensation is allowed under this section, it must be in lieu of all other compensation, because the section itself so provides, and it has

been so held by this court in the case of Wirth Lang Co. v. Meece, 211 Ky. 520, 277 S. W. 834.

But it is said that this court announced a different rule in the case of Workmen's Board v. United States Coke & Coal Co., 196 Ky. 833, 235 S. W. 900. It does not appear that the opinion in that case was dealing with an injury under section 4899, Ky. Stats. But, be that as it may, the facts appear to have been different. It follows that the award which was made by the board for temporary total disability should be, in so far as it was paid, deducted from the allowance which will be made for permanent partial disability.

Complaint is made that the board made an award of $100 for medical bills when there was no testimony that any service was rendered her other than that rendered by the physician furnished by appellant, for which appellee incurred no liability. The award made under section 4899 is not in lieu of medical, surgical, and hospital treatment as provided in sections 4883 and 4885, Ky. Stats. The board should not make an allowance under section 4883 unless there is testimony that the injured employee has incurred expenses for the purposes therein mentioned, but this does not mean that the injured employee must have actually paid the expenses so incurred. The testimony before the board does not show that appellee had actually incurred medical expenses in connection with her injury, but there was some evidence from which this fact may have been inferred. As the case must be reversed for another award, the board should ascertain more definitely about the expenses, if any, incurred by the appellee in this respect.

Judgment is reversed, and cause remanded for proceedings consistent with this opinion.