## Hawley-McIsaacs Coal Company v. Grant et al.

(Decided October 21, 1930.)

EUGENE R. ATTKISSON for appellant.

R. MILLER HOLLAND for appellees.

·OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellee and one of the defendants below, Stanley Grant, was an employee of the appellant and plaintiff below, Hawley-McIsaacs Coal Company. The latter operated a coal mine in Ohio county, Ky. The provisions of our Workmen's Compensation Statute (Ky. Stats., sec. 4880 et seq.) had been accepted by both parties, and while so employed defendant sustained an injury to his left arm in the course of his employment, and within the time allowed he made application to the workmen's ·compensation board for such an award as the statute entitled him to for the character of injuries sustained by him. The arm was not totally lost, nor were any of the fingers on that hand destroyed, and which made defendant's injury a general one to his entire person and not any of the specific ones enumerated in sections 4897 and 4899 of our present Statutes, which are parts of our Compensation Act.

An individual member of the board awarded defendant temporary total disability under the provisions of section 4897 supra for a period of 25 weeks (less 1 week waiting period) at $15 per week, and the further allowance, under the last literary paragraph of section 4899 supra, of $9.00 per week for 200 weeks for permanent partial disability. That award, upon application made therefor by plaintiff, was later reviewed by the full board and was sustained by it; whereupon plaintiff applied to the Ohio circuit court for a review of the board's award, and it sustained a demurrer to the petition filed therefor and dismissed it, from which judgment this appeal is prosecuted.

It is argued here by learned counsel for plaintiff in the review petition, and we presume it was likewise done in the court below (1) that the award made by the board of a total sum of $1,800 for permanent partial disability should have been exclusive "of all other compensation, except such as may be payable under sections 4883 and 4885 hereof," as it is contended is so expressly enacted in the first literary paragraph of section 4899 under which that portion of the award, it is claimed, was made, and for which reason the additional award of compensation for 25 weeks of temporary total disability under the provisions of section 4897 was and is erroneous; and, as is alleged in the petition: (2) "The board erred in not crediting upon the award for permanent partial disability of 200 weeks at $9.00 per week, the amount which the respondent has heretofore paid to the said Stanley Grant for temporary total disability, viz., 126 1/7th weeks' compensation at the rate of $14.63 per week in the total amount of $1,845.47 as said sum should under the provisions of the Workmen's Compensation Act be credited upon and charged against the amount of the award so made." Each of which will be disposed of in the order named.

1. The only case relied on in support of argument 1 is that of Fame Armstrong Laundry Co. v. Brooks, 226 Ky. 22, 10 S. W. (2d) 478, the facts of which it is contended were on all fours with those appearing in this case and for which reason, following the conclusion announced in that opinion upon the facts there presented, no allowance should have been made in this case for tem-

porary total disability under section 4897, supra, of the Statutes. The trouble, however, with that argument is that the injuries in that case were entirely different and distinct from the character of injuries involved in this case; and so much so as to bring the two cases under a different construction of the sections of the statute for the adjustment of the award to be made to the employee. In the relied-on Brooks case, the employee totally lost three of her fingers, for which she was entitled to a fixed and specified per cent. of her weekly wages for a speci- fied number of weeks, under the first part of section 4899, supra, and which, when allowed, the statute pre- scribes shall be ''in lieu of all other compensation,'' etc., and which means for such total losses only. The latter part of that same section relating to other injuries than total loss of specified members of the human body, and for which awards for permanent partial disability may be allowed, makes no provision that awards thereunder shall be ''in lieu of all other compensation.'' Therefore, the partial permanent disability to the servant resulting alone from the total loss of any of the scheduled and specifically enumerated members of his body the statute provided should be in lieu of all other compensation, since the amount fixed in the statute for such total lost member was intended to and did cover all consequential permanent partial disability that the servant might sus- tain exclusively, because of such lost member. But clearly neither of the sections referred to, nor any other one of the Compensation Act, provides for a temporary total disability allowance made for general injuries (but not producing the total loss of a member of the body) to be in lieu of all other compensation, and which was expressly so held by this court in the prior cases of Workmen's Compensation Board v. United States Coal & Coke Co., 196 Ky. 833, 245 S. W. 900, and Wirth Lang Co. v. Meece, 211 Ky. 520, 277 S. W. 834, 835.

In the latter case the injury was a total loss of one of the thumbs of the employee for which compensation was allowed under the first part of section 4899, and which, as we have seen, expressly scheduled and enu- merated such a loss and made specific provision therefor, and which this court held should be in lieu of temporary total disability of the kind and nature provided for in section 4897 relating to losses from injuries of a general

character as distinguished from a total loss of a specific member of the body. In substantiation of the position of this court in that (Meece) case, we insert this excerpt from the opinion: "If the latter section (4899) did not expressly class an injury resulting in the loss of a thumb as partial, permanent disability and provide that 'in lieu of all other compensation' the injured employee shall receive certain scheduled fees, we might be at liberty to hold that the disability following the accident and before the amputation—if the facts warrant it—was a total disability of a temporary character and compensable under section 4897. It seems to this court, however, that the Legislature has so clearly expressed its intention with reference to injuries resulting in disability and the loss of certain *bodily members* which are *enumerated* in section 4899, and has so expressly declared that they shall be deemed to be partial permanent disabilities, compensable under the provisions of that section 'in lieu of all other compensation,' as to preclude the conclusion that it was intended that for injuries resulting from the losses *enumerated* in section 4899 the injured employee might also be compensated for a period of temporary total disability under section 4897. It seems to this court that by section 4899 all injuries resulting in the *loss* of the *members* of the body *enumerated* therein were classified by the Legislature as partial permanent disabilities." (Our italics.)

It, therefore, clearly appears that it was the intention of the Legislature, as so construed in the Meece opinion, to recognize and provide for two classes of injuries from which temporary total disability resulted, the one being the total loss of a specified member of the body, and the other general injury to the body not resulting in such total loss of a member (but which produced temporary total disability), and it provided that, when the specified amount of the total loss of a member was made, it should be in lieu of other compensation for all kinds of disability to the entire person resulting solely and alone from the loss of the specified member. Also, that the "in lieu of all other compensation" provision should not apply to temporary total or partial permanent disability when produced by an injury to the body not resulting in the total loss of one of its specified members, and which was the character of injuries involved in the

196 Kentucky case, supra. We, therefore, conclude that inasmuch as the combined period for the payment of the compensation awarded in this case did not exceed the maximum one allowed by the statute for either temporary total disability or partial permanent disability, and that the temporary total disability did not consist in the total loss of one of the statutory enumerated members of the body, the board did not err in making the allowances complained of, and which we think is made clear by the cited opinions, no one of which do we construe as conflicting with the others.

2. Section 4935 of our Statutes, which is also a part of our Compensation Act, provides for a review by the circuit court of the award made by the board, as well as the practice that shall be followed to obtain it. A part of the prescribed proceedings is that the application to the circuit court shall be by a petition in which the injured employee and the members of the board shall be made parties. It is further prescribed therein that: "Summons shall issue upon the petition directing the adverse party to file answer within fifteen days after service thereof and directing the board to certify its complete record of the case to the court, or in lieu thereof, and if consented to by the petitioner and adverse party, an abstract of the record prepared in the same manner as hereinafter provided for appeals to the court of appeals." It is further prescribed therein that: "No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of this act and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record or abstract thereof as certified by the board and shall dispose of the cause in summary manner," etc.

No record of the proceedings had before the board was in any manner brought to the circuit court, except the board's award. No contention or any defense made before the board in opposition to the award, if any, was before the circuit court at the time it rendered the judgment appealed from, except such facts as were stated in the petition for review, and which was not based on any fraud or misconduct of any person whomsoever. The excerpt hereinbefore taken from the petition contains the only information brought to the knowledge of the circuit

court with reference to any voluntary payments made by plaintiff, the employer, to defendant, the employee, and it is not stated in the petition for review that such facts were before the board at the time it rendered its award, or at the time it is alleged that no credit was given for such alleged payments. It is stated in the excerpt from that petition that the board erred in not crediting the award by the amount so voluntarily paid; but it is not stated therein, nor does it appear elsewhere in the record that was before the circuit court, that any effort was made by plaintiff before the board to have any such credit allowed. For ought that appears from the bare allegations of the petition, and which are unaided by any record of the proceedings before the board, no such efforts or contention was made before it and for which reason, perhaps, the credit, if otherwise allowable, was not given. The right to have the alleged credit deducted from the award, if permissible at all, is in the nature of an offset which, to be available, must be presented and relied on before the tribunal whose duty it is to allow it, which in this case was the compensation board.

The only new or additional evidence that may be introduced in the circuit court should be directed solely to prove issues not appearing in the record of the proceedings before the board, and which relate to fraud and misconduct dehors the board's record, but none of which is relied on in this case. So that, in the absence of a record of the proceedings before the board, the circuit court under the petition as drafted, could not take cognizance of nor determine the alleged error of the board in failing to allow the credit contended for. In other words, the case as here presented, and as presented in the circuit court, was and is the same as if this defense had never been presented. Whether plaintiff, the employer, may hereafter, under the provisions of any of the sections of the statute or otherwise, avail itself of any such alleged voluntary payments, and, if so, to what extent, are questions not presented by this record, and are therefore left undetermined.

Wherefore the judgment is affirmed; the whole court sitting.