JOHN REAY, APPELLANT, v. ELMIRA COAL COMPANY, RESPONDENT.—
34 S. W. (2d) 1115.

Kansas City Court of Appeals.   December 1, 1930.

*Mosman, Rogers & Buzard* and *Donald E. Black* for appellant.

*Edwin H. Garrett* for respondent.

BLAND, J.—This is an action under the Workmen's Compensation Act. Claimant, John Reay, was injured on February 22, 1927, while in the employ of the defendant. He sustained accidental injuries by reason of a large rock falling from defendant's mine roof and striking him across the head, shoulders and back, resulting in the fracture of his spinal column. On December 10, 1929, the commission made a final award to the effect that claimant received an injury to his back on February 22, 1927, while in the employ of defendant; that said injury arose out of and in the course of the claimant's employment; that his weekly wages amounted to $30.77; that claimant had sustained 96.8 weeks of temporary total disability and an injury to his back resulting in 30 per cent permanent partial disability. The commission awarded claimant the sum of $813.30 for medical aid. It also awarded him $20 per week for 120 weeks (or 30 per cent of 400 weeks) for permanent partial disability totaling $2400 subject, however, to a debit of $1936.68. The last mentioned sum was compensation for 96.8 weeks temporary total disability theretofore paid to claimant by defendant. After the award for the

temporary total disability had been deducted from the amount of the award for the permanent partial disability there remained the sum of $463.32. This last mentioned sum the commission awarded to claimant as being the amount due and owing him as unpaid compensation.

Claimant appealed to the circuit court of Ray county where the award of the Compensation Commission was affirmed. Claimant has appealed the case here.

Claimant has no complaint to make relative to the findings of fact as made by the commission. His complaint is that while the commission found that he had suffered 96.8 weeks temporary total disability and also 30 per cent permanent partial disability it awarded him compensation on the basis of permanent partial disability only and refused to allow him compensation for the period of temporary total disability.

Whether claimant is entitled to an allowance for temporary total disability in addition to permanent partial disability depends upon the proper construction of section 17 (a) of the Workmen's Compensation Act (see Laws 1927, p. 499). Section 13 of the Act provides for medical aid, section 15 for temporary total disability, section 16 for temporary partial disability and section 17 (a) for permanent partial disability. Section 17 (a) reads as follows:

"For permanent partial disability, in lieu of all other compensation except that provided under section 13 of this act, the employer shall pay to the employee 66⅔ per cent. of his average earnings as computed in accordance with section 22, but not less than six dollars nor more than twenty dollars per week, for the periods hereinafter provided."

Then follows a list of 46 specific members of the human body with the number of weeks that the loss of each should be compensated for. Then immediately follows this provision:

"For permanent injuries other than those specified, the said compensation shall be paid for such periods as are proportionate to the relation which the other injury bears to the injuries above specified, but no such period shall exceed four hundred weeks."

The decision of the case depends upon the proper construction of the "in lieu" clause of section 17 (a). Defendant contends that compensation under section 17 (a) is in lieu of all other compensation, including temporary total disability (as provided in section 15) except medical aid (as provided in section 13), whether the permanent partial disability mentioned in section 17 (a) is ascertainable at the time of the receipt of the injury or otherwise, and that plaintiff is attempting to have us, by way of attempted judicial legislation, amend the clause in question by having it read "in lieu of all other compensation *for permanent partial disability*," whereas the part in italics does not appear in the clause in controversy.

Plaintiff repudiates the suggestion that he is attempting to have the statute amended in any such wise (but substantially admits that were the statute to be construed as defendant says plaintiff is attempting to have it, it would be, in effect, a judicial amendment), and says, to use his own words, that his "position is this, that at such time during the period of temporary total disability, medical and surgical opinion, upon a fair examination, reaches the conclusion that it is not reasonable to expect a complete recovery or to anticipate any further lessening of the impairment, then, for the first time, can it be said that there exists a permanent partial disability. At that time a payment for such disability is then in lieu of all other compensation; . . . that when a permanent partial disability becomes ascertainable, then the compensation payable for such disability is in lieu of all other compensation. But what of the time between the date of the injury and the time that the permanent partial disability is determined and established? Is compensation to be denied for this period?" Plaintiff answers his query in the negative.

Claimant says that temporary total disability and permanent partial disability are two distinct and separate disabilities; that, consequently, the compensation payable under each disability is limited to such disability or classification, payment under one classification or disability not being payment for the other.

It thus will be seen that the controversy between claimant and defendant is as to what point in the history of the injury the "in lieu" clause terminates the running of the temporary total disability. Claimant claiming that it ends with the ascertainment of the permanent partial disability, which may be as soon as the accident occurs, and defendant that it cuts off all compensation for any other class of disability regardless of the time of the ascertainment of the permanent partial disability.

For the purpose of a decision of this case we will accept claimant's construction of the finding of the commission, that is, that on the date of the award claimant had sustained temporary total disability for 96.8 weeks and that on *said date*, that is at the conclusion of his period of permanent partial disability, he had sustained injuries to his back resulting in 30 per cent permanent partial disability. There is some controversy between the parties as to of what date the commission found that said permanent partial disability had been sustained or commenced, but for the purpose of the case we will adopt claimant's view of the matter.

While claimant is not attempting to have us read into the "in lieu" clause of section 17 (a) the words that defendant says he is attempting judicially to have inserted therein, we think that plaintiff's contention would require us to read into the statute a clause that would be as much of a radical judicial amendment of the clause as were the additional words inserted which defendant claims that

plaintiff would have us insert. Under plaintiff's construction of the section it would read as follows: "For permanent partial disability in lieu of all other compensation *after such disability begins*," etc. (The part not in the clause appearing in italics).

By the express words of section 17 (a) compensation for the injuries mentioned therein is "in lieu of all other compensation". If claimant can recover compensation under both section 15 and 17 (a) then his compensation under the latter section is not "in lieu of all other compensation." We think there is no doubt but that the language in the "in lieu" clause appearing in section 17 (a) is clear, plain, distinct and unambiguous. When the Legislature plainly and distinctly declares its intention the act is not open to construction and excludes interpretations. [Span v. Jackson, Walker Coal & Mining Co., 16 S. W. (2d) 190, 196; Slevster v. Eugene Donzelot & Son, 25 S. W. (2d) 147; Holmes v. Mack International Truck Co., 28 S. W. (2d) 446, 447; Stoll v. Frank Adam Elec. Co., 240 S. W. 245, 247.]

However, plaintiff says that such interpretation as we have given the act will "result in the gravest injustice to the employee;" that

"When a loss or impairment is preceded by a long incapacity while efforts are made to care for and heal the injury, the injured employee in a great many instances has suffered far more than the amount to be received for the mere loss or impairment allowed him under section 17 (a).

"Under the commission's ruling, if the payment for the temporary total disability and temporary partial disability preceding the loss or impairment exceeds that provided for permanent partial loss or impairment, the employee must return the excess and go without compensation for the larger part of his loss."

What claimant says may be so. On the other hand the construction that claimant would have us give the clause in controversy would lead to incongruities of the worst kind. For cases might easily arise where two employees sustained similar injuries in the same accident and the extent of the injury to the one might be immediatly ascertainable while that to the other could not be ascertained until some future day. Under such circumstances the first mentioned employee would receive less than the second. Cases might be imagined where the disparity in compensation would be marked while the disaster to the two employees would be equally as great. However, if the act works in any way unscientifically, absurdly or unjustly, that is for the Legislature to correct. [Holmes v. Mack International Truck Co.; Stoll v. Frank Adam Elec. Co., supra.]

The "in lieu" clause in section 17 (a) of the Act has never been construed by the courts of this state. The statutes of other states contain "in lieu" clauses that have been construed by the courts of those states but, as a rule, these clauses in other Workmen's

Compensation Acts differ from ours to such an extent that the decisions of other courts are not entitled to a great deal of weight in construing our statute. Among the cases that are cited in the briefs we regard the following as more nearly in point: Wirth Lang Co. v. Meeces, 277 S. W. 834 (Ky.); Fame Armstrong Laundry Co. v. Brooks, 10 S. W. (2d) 478 (Ky.); Ga. Cas. Co. v. Jones, 156 Ga. 664; Standard Cabinet Co. v. Landgrave, 132 N. E. 661 (Ind. App.); Thompson v. State Industrial Comm., 280 Pac. 597 (Okla.); Christian v. Hanna, 289 Pac. 708, 711 (Okla.); Crawford v. Coke Co., 136 Va. 266, and Gobble v. Clinch Valley Lbr. Co., 127 S. E. 175 (Va.) The decisions from Kentucky, Georgia and Indiana tend in a measure to sustain our construction of the "in lieu" clause of section 17 (a) of our Act, while, the decisions of Oklahoma and Virginia tend to uphold claimant's contention.

However, plaintiff says that the inference to be drawn from the facts, stated in the Georgia case cited, is that the injury sustained resulted immediately in a permanent partial loss. We are unable to tell from the facts stated in the opinion of the Supreme Court of Georgia as to of what date it was ascertained that the permanent partial loss involved in that case was sustained, whether at the time of the accident or sometime thereafter. However, when the same case was before the Georgia Court of Appeals that court said:

"The plaintiff in error having suffered an injury causing total disability for a certain number of weeks *and resulting* in permanent partial disability by reason of the partial loss of the use of two of his fingers, was awarded, by the Commission before whom the claim was tried, a certain sum under section 30 of the act, for temporary total disability, and an additional sum, under section 32 of the act for the permanent partial disability caused by the partial loss of the use of his two fingers." [Jones v. Ga. Cas. Co., 117 S. E. 467, 468.] (Italics ours).

This language would suggest that one disability followed the other. However, the fact that the Supreme Court of Georgia did not see fit to state the facts with reference to this matter would indicate that either the court thought that there was no such distinction, as plaintiff has made in the case at bar, as to at what time the permanent partial loss was sustained, or the court had no such distinction in mind. In either event it is an authority tending in a measure to support our holding in this case as the decision of the court is broad enough to cover any state of facts.

Relative to the case of Standard Cabinet Co. v. Ledgrave, supra, plaintiff states that the pronouncement in this case is no longer the law of Indiana but that the case of Zeller v. Masker, 155 N. E. 520, is a later case and is, therefore, controlling. As we view the Zeller case it does not overrule the Standard Cabinet Company case. In fact the Zeller case does not discuss the point now before us. That

case merely holds that under sections 24 and 25 of the Indiana Act, relative to the power of the commission to alter the award in view of "changed conditions", the employee may be awarded total temporary disability and thereafter "permanent impairment", but whether, after being awarded the compensation for "permanent impairment" he must account for what he has received for total temporary disability is not considered. At any rate between the time of the occurrences out of which the Standard Cabinet Company case arose and those of the Zeller case, the Indiana Statute was amended. [See Standard Cabinet Co. v. Landgrave, supra, l. c. 662.]

No attempt has been made by claimant to distinguish the Kentucky cases from the one at bar.

Section 7290, Compiled Okla. Stat. Annotated, 1926, provides in clause 1 for permanent total disability, in clause 2 for temporary total disability and in clause 3 for permanent partial disability. First a schedule of specific injuries are set out under clause 3. The clause then provides that the loss of the use of the member shall be considered as equivalent to the loss of the member. It then provides for compensation for partial loss of the member or the sight of an eye. It then provides for how amputations shall be considered relative to the loss of the member. Then occurs the following: "The compensation for the foregoing specific injuries shall be in lieu of all other compensation, except the benefits provided in section 7288." (Section 7288 provides for medical care). After the "in lieu" clause of clause 3 in section 7290 there is a general clause providing for compensation "in other cases" of partial disability. The "in lieu" clause appearing in the section, of course, has nothing to do with the cases falling under the head of "other cases."

In the case of Christian v. Hanna, supra l. c. 711, the Oklahoma Supreme Court said that it was well settled in that state that when an employee suffered an accidental injury resulting in temporary total disability and also *specific* injury, such as detailed in that part of clause 3 that we have described, compensation may be awarded for the temporary total disability and in addition for the specific injury, that is the total permanent loss or partial loss of the specific member. It will thus be seen that the Supreme Court of Oklahoma does not seem to make any distinction between the *scheduled or specific* injuries and "other cases" as far as concerns the application of the "in lieu" clause; the effect of the Oklahoma decisions is that the "in lieu" clause does not affect either. A similar situation exists in the Texas law. Under the decisions of the Texas Courts the specific scheduled injuries *are* affected by the "in lieu" clause. [See Texas Employer's Ins. Ass'n. v. Moreno, 277 S. W. 84; New Amsterdam Cas. Co. v. Morrison, 36 Fed. (2d) 216.]

In the New Amsterdam case it is said, l. c. 217, that the "in lieu" clause appearing in the Texas Act (see section 12, article 8306, title 130, Complete Texas Statutes, 1928):

"Deals only with the subject of compensation for the specific injuries scheduled. *That language has the effect of making the prescribed compensation for one of those specific injuries in lieu of all other compensation for that injury, except medical aid,* etc., but does not purport to have the effect of making the allowance of the prescribed compensation for that specific injury a bar to an allowance of compensation for a permanent incapacity of the employee *due to bodily injuries other than that specific one* which resulted from the same casualty." (Italics ours).

The Oklahoma Statute is different from ours, but perhaps the decisions of the courts of Oklahoma, construing said statute, may be some authority up-holding plaintiff's contention. However, we think that the Texas cases are right and the Oklahoma decisions are wrong.

Plaintiff also relies upon the decisions of the State of Virginia involving the Virginia Workmen's Compensation Act. The decision of the Supreme Court of the State of Virginia in the case of Gobble v. Clinch Valley Lbr. Co., supra, tends to support plaintiff's contention, but that case is founded upon the case of Jones v. Ga. Cas. Co., 117 S. E. 467 (Ga. App.) The Jones case was overruled by the Supreme Court of Georgia in the case of Ga. Cas. Co. v. Jones, 156 Ga. 664. While the Jones case was overruled by the Supreme Court of Georgia, prior to the decision of the Gobble case, the Supreme Court of Appeals of Virginia apparently was ignorant of this fact when the Gobble case was decided. The case of Crawford v. Coke Co., supra, was decided prior to the Gobble case but the same holding was made in that case as was made in the Gobble case, but no detailed interpretation of the Virginia Act was given in the Crawford case. This was sought to be given in the Gobble case but the reasoning in the latter case was, as before stated, founded on a case that was repudiated by the Supreme Court of Georgia and we are not disposed to give any weight to said Virginia cases.

Plaintiff, in addition to the Oklahoma and Virginia decisions, relies upon the Connecticut decisions construing the Workmen's Compensation Act of Connecticut. [See section 5352, Gen. Stat. Conn. Rev. of 1918.] However, the Connecticut Statute is so different from ours that decisions construing the former are of little or no value. Section 5352 (Conn. Law), provides, within itself, for several kinds of compensation for partial incapacity, and the clause "in lieu of other payments" appearing therein has been construed to refer to payments for the injuries for *partial incapacity* contained in the "in lieu" clause and not to other disabilities. As to the payments for the injuries named in the "in lieu" clause it is held that the compensation designated in such clause is exclusive. [See Franko v.

Schollhorn Co., 93 Conn. 13, 18, 19.] This case, if anything, is authority for construing the "in lieu" clause in section 17 (a) of the Missouri Act as exclusive, for that clause refers to all permanent partial disability mentioned in the section. This section is the one under which plaintiff's partial permanent disability must fall.

Plaintiff cites the case of Dosen v. East Butte Copper Mining Co., 254 Pac. 980 (Mont.). There is some general language appearing in that case which seems to support plaintiff's contention. However, there is a provision in the Montana Compensation Act (see section 2919, Revised Code, Montana, as amended Session Laws, 1925, p. 210), providing that "payments shall not be made for two classes of disability over the same period," and the Supreme Court of Montana in the case of Dosen v. East Butte Copper Mining Co., supra, l. c. 887, says: "If payment may not be made for two classes of disability, why add the words 'over the same period.' " It would seem that the Montana Statute differs considerably from the Missouri Act.

Plaintiff also relies upon Tennessee cases construing the Tennessee Compensation Act. Section 3608a177, clause "a" of Annotated Code Tenn., Supp. 1926, provides for compensation for temporary total disability, clause "b" for compensation for temporary partial disability, clause "c" for permanent partial disability and clause "d" for permanent total disability. Clause "c," after scheduling a number of losses of specific members of the body, provides in part as follows:

"In all cases the permanent and total loss of the use of the member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule provided shall be in lieu of all other compensation."

In the case of Jack v. Knoxville Fertilizer Co., 289 S. W. 500, the Supreme Court of Tennessee construed the language we have quoted from the Tennessee Act as follows:

"The language is somewhat uncertain in its application, but would seem to have reference to the two classes of cases being dealt with in the paragraph, that is, (1) the loss of the use of a member, and (2) the loss of the member; that is to say, that the compensation allowed for the loss of the use of a member shall be in lieu of all compensation for the loss of the member itself."

It is quite apparent that, in view of the construction of the Supreme Court of Tennessee of the "in lieu" clause in the Tennessee Act, the clause is in no wise similar to the Missouri Act.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.