Vaughn C. HEMPFLING, Appellant,

v.

Everett H. EDINGTON et al., Appellees.

Court of Appeals of Kentucky.

May 17, 1963.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

A. D. Yelton, Frankfort, John E. Crigler, Burlington, Walter D. Vest, Covington, for appellees.

CHARLES M. ALLEN, Special Commissioner.

This is an appeal from the judgment of the Boone Circuit Court affirming an award by the Workmen's Compensation Board finding appellee, Everett H. Edington, to be totally disabled for an indeterminate period, not exceeding 500 weeks, as the result of an injury occurring to his left leg on December 31, 1955, which was received in the course of his employment with the appellant, Vaughn C. Hempfling.

Appellee fell from a ladder in appellant's barn. He suffered a compound fracture of the left tibia between the ankle and the knee. Following operations of March 2, 1956, and May 24, 1957, an amputation was performed just above the knee of the left leg on January 10, 1958. The amputation was rendered necessary because of the inadequate healing and reoccurring sinuses from osteomyelitis.

Since the operation, appellee has been fitted with an artificial leg but has been unable to perform the farm work which he had performed previous to the date of his injury. Appellee has been unable to adjust satisfactorily to his artificial leg and was

using crutches at the time of the hearings before the Board. He has a fourth grade education, is 35 years of age, and has spent practically all of his adult life in farm work.

On March 14, 1954, appellee suffered a compound fracture of the tibia of the left leg and suffered some destruction of the bone tissue which was probably due to osteomyelitis. The condition of osteomyelitis, however, was inactive at the time of the injury of December 31, 1955. Dr. Robert H. Coffield, who has treated appellee since December 31, 1955, stated that it was possible that appellee might not have suffered any reoccurrence of osteomyelitis had it not been for his second injury, but that even if he had not suffered a second injury, the osteomyelitis could have reoccurred.

The medical panel appointed by the Board found that the disability of December 31, 1955, was not contributed to or aggravated by the injury of March 14, 1954. The panel also found that appellee was suffering from a 5% disability to the body as a whole when the injury occurred.

Dr. Ralph Carothers, who examined appellee on only one occasion, testified that 50% of appellee's disability was due to the pre-existing condition of osteomyelitis.

■ Appellant contends that the Board should have apportioned responsibility for appellee's disability between the injury of March 14, 1954, and the injury of December 31, 1955. Appellant also contends that the Board was restricted in its award of compensation to the specific amount set out in KRS 342.105(19).

Appellant is correct in his second contention. In the case of Wirth Lang Company v. Meece, 211 Ky. 520, 277 S.W. 834, the Court held that where an employee receives an injury which results in the removal of a member of his body for which specific compensation is provided under Section 4899 of the statutes, he is not entitled to recover additional compensation for a period of temporary-total disability over and above the amount awarded under the specific schedule. That opinion makes it clear that the Legislature intended that all injuries resulting in the loss of the members of the body set out in Section 4899 are to be considered as permanent partial disability and to be compensated for in accordance with that section. Section 4899 is now KRS 342.105.

In Atlas Coal Company v. Moore, 298 Ky. 767, 184 S.W.2d 76, the Court held that Moore having suffered a loss of his left thumb and index finger and a permanent impairment of the second finger was entitled to be compensated under KRS 342.105 and that no reduction could be made in the award because of the fact that he was receiving a salary from his employer after the loss of the limbs. The Court stated that injuries which come within the provisions of KRS 342.105 call for the specific amount of compensation fixed by that statute and cannot be reduced or increased either by the Board or by the Court. See also Holt v. West Kentucky Coal Co., Ky., 350 S.W.2d 155.

■ The cases cited by appellee, such as Hardy Burlingham Mining Company v. Sawyer, Ky., 254 S.W.2d 350, and Clark v. Gilley, Ky., 311 S.W.2d 391, are not in point since they involve injuries to but not removal of limbs of the body, which injuries resulted in total and permanent disability. In such cases, by virtue of the specific provisions of KRS 342.095(4), the Board may award a greater amount than is awarded for the loss of a limb set out under KRS 342.105.

■ Appellant contends that where there is a specific loss under KRS 342.105, there should be an apportionment under KRS 342.005. There was medical testimony that 50% of appellee's disability was due to the pre-existing condition resulting from the first injury.

KRS 342.110, which together with KRS 342.105 comprised Section 4899 of the Kentucky Statutes, provides in part:

"In all other cases of permanent partial disability * * * compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, * * *."

In Shuman Co. v. May, Ky., 327 S.W.2d 14, it was held that the pre-existing condition should be considered and that the disability should be apportioned, having regard for such condition.

It is recommended that the judgment be reversed with direction to remand to the Board for an award in conformity herewith.

The opinion is approved by the Court and the judgment is reversed.